Case Number: COCE-24-032842 Division: 100

Filing # 199317281 E-Filed 05/28/2024 05:53:54 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Jaclyn Jaffe</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>IC System Inc</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☒ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/28/2024 05:53:50 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Victor Zabaleta</u>        Fla. Bar # <u>118517</u>
       Attorney or party                   (Bar # if attorney)

<u>Victor Zabaleta</u>             <u>05/28/2024</u>
(type or print name)           Date

Case Number: COCE-24-032842 Division: 100

Filing # 199317281 E-Filed 05/28/2024 05:53:54 PM

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**Case No.**

**JACLYN JAFFE,**

Plaintiff,

v.

**IC SYSTEM INC,**                                    **JURY TRIAL DEMANDED**

Defendant.                                           **INJUNCTIVE RELIEF SOUGHT**

_____/

## COMPLAINT

Plaintiff Jaclyn Jaffe ("Plaintiff") sues IC System Inc ("Defendant") for violations of the

Fair Debt Collection Practices Act ("FDCPA"),

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiff and Defendant
(collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court
and, thus, venue and jurisdiction are proper.

2.      This Court has personal jurisdiction over Defendant because Defendant is
operating, present, and/or doing business within this jurisdiction and because the complained of
conduct of Defendant occurred within Broward County, Florida.

3.      The amount in controversy is greater than $8,000, but does not exceed $15,000,
exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.      Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011,
et seq., the cause of action alleged below arose in Broward County Florida.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/28/2024 05:53:50 PM.****

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a Minnesota corporation, with its principal place of business located in Saint Paul, Minnesota.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      On February 8, 2023, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On February 10, 2023, US Acute Care Solutions ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

10.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

11.     Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.     Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

14.     Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

15.     Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

16.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

17.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

18.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.     Defendant is a business entity engaged in the business of collecting consumer debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant's "Consumer Collection Agency" license number is CCA0900391.

23.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

25.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

26.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

27.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

28.     On a date better known to Defendant, Defendant sent a collection letter, internally dated July 237, 2023, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30.     The Collection Letter represents an action to collect a debt by Defendant.

31.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff

COUNT 1
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

32.    Plaintiff incorporates by reference paragraphs 8 through 31 of this Complaint.

33.    Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

34.    Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

35.    An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

36.    Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

37.    As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

38.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

39.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the  sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

40.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

DATED: May 28, 2024

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33301
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*

# EXHIBIT A

9/3/23, 8:42 PM                    Gmail - Fwd: Information about your US Acute Care Solutions Account No: 18600758A6385G581

 Gmail                                           Yuli Kotler <yulikotler@gmail.com>

## Fwd: Information about your US Acute Care Solutions Account No: 18600758A6385G581

**Jaclyn Jaffe** <jaclynjjaffe@gmail.com>                              Thu, Jul 27, 2023 at 12:10 PM
To: Rawan Dalaq <rd.kotlerlaw@gmail.com>



————— Forwarded message —————
From: **I.C. System** <DoNotReply@icsystemconsumer.com>
Date: Thu, Jul 27, 2023, 11:00 AM
Subject: Information about your US Acute Care Solutions Account No: 18600758A6385G581
To: Jaclyn Jaffe <JACLYNJAFFE@gmail.com>

I.C. SYSTEM, INC.                                  **To:**   Jaclyn Jaffe
PO BOX 64378                                                16 HOBART GAP RD
SAINT PAUL, MN 55164-0378                                   SHORT HILLS, NJ 07078-1803
844-978-1818: Mon–Fri 8:00 AM – 4:30 PM CT
https://www.icsystem.com/consumer

07/27/2023                                         **I.C. System Reference No: 322451279-1-89**
                                                   **Account No: 18600758A6385G581**
                                                   **Service Location: Adventhealth Westchase Er**

I.C. System, Inc. is a debt collector. We are trying to collect a debt that you owe to US Acute Care Solutions. We will use
any information you give us to help collect the debt.

### Our information shows:                          ### How can you dispute the debt?

US Acute Care Solutions, has placed your past due        📞  **Call or write to us by 9/4/2023, to dispute all**
balance for account number 18600758A6385G581 in              **or part of the debt.** If you do not, we will
our office. US Acute Care Solutions is both the original      assume that our information is correct.
and current creditor to whom this debt is owed.
                                                         ⏰  **If you write to us by 9/4/2023**, we must stop
As of 2/10/2023, you owed:              $985.00              collection on any amount you dispute until we
                                                             send you information that shows you owe the
                                                             debt. You may use the form below or write to us
Between 2/10/2023 and today:                                 without the form. You may also include
                                                             supporting documents. We accept disputes
You were charged this amount          + $0.00                electronically at https://www.icsystem.com/
in interest:                                                 consumer.

You were charged this amount in fees: + $0.00            ### What else can you do?

You paid or were credited this amount − $0.00
toward the debt:

| Total amount of the debt now: | $985.00 |
|---|---|

✏️ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 9/4/2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at https://www.icsystem.com/consumer.

🏛️ **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

👤 Contact us about your payment options.

❓ Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

Click here to opt out of further emails to this email address.

The name and address of the original creditor is:
US Acute Care Solutions
4535 DRESSLER ROAD NW
CANTON OH 44718

**Notice**: See below for important information

✂️ ---------------------------------------------------------------------------------------

## Mail this form to:

IC System, Inc.
P.O. BOX 64378
SAINT PAUL, MN 55164-0378

Toll-Free 844-978-1818

Jaclyn Jaffe
16 HOBART GAP RD
SHORT HILLS, NJ 07078-1803

## How do you want to respond?

*Check all that apply:*

☐ **I want to dispute the debt at** https://www.icsystem.com/consumer.

☐ **I want to dispute the debt because I think:**

  ☐ This is not my debt.

  ☐ The amount is wrong.

  ☐ Other (Please include additional information).

■ **The name and address of the original creditor is provided in the notice above.**

☐ **Make payment at** https://pay.icsystem.com

☐ **I enclosed this amount:** $ _____

Make your check payable to I.C. System, Inc. Include the reference number: 322451279-1-89

☐ **Quiero este formulario en español.**

05100000098500322451279001890101

✂ -------------------------------------------------------------------------------------------------------------------

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

This collection agency is licensed by the Minnesota Department of Commerce.
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.
North Carolina Permit/Company Nos. 20/119498225 and 4476/119501033.
I.C. System, Inc.|301 Sand Lake Road, Onalaska, WI 54650-2767

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul, MN 55164-0378

Notice: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information.

© Copyright 2014 | I.C. System, Inc. ALL RIGHTS RESERVED.

If you no longer want to receive these emails,
click here to unsubscribe.

Filing # 201174162 E-Filed 06/24/2024 11:53:37 AM

# IN THE COUNTY COURT OF THE 17TH JUDICIAL DISTRICT
## IN AND FOR BROWARD COUNTY FLORIDA
### Case No. COCE-24-32842

**JACLYN JAFFE,**

     **Plaintiff,**

**vs.**

**I.C. SYSTEM, INC.**

     **Defendant.**

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant I.C. SYSTEM, INC., and files its Answer and Affirmative Defenses to the Plaintiff's Complaint and states:

1. Denied.

2. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

3. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

4. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

5. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

6. Admitted.

7. Admitted.

8. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

9. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

10. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

11. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

12. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

13. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

14. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

15. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

16. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

17. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

18. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

19. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

20. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

21. Admitted.

22. Admitted.

23. Admitted.

24. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

25. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

26. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

27. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

28. Denied.

29. Defendant is without sufficient information to admit or deny the allegation in this paragraph.

30. Defendant is without sufficient information to admit or deny the allegation in this paragraph.

31. Denied.

32. Defendant incorporates by reference its responses to each paragraph cited in Paragraph 32 of the Complaint.

33. Defendant is without sufficient information to admit or deny the allegation in this paragraph.

34. Defendant is without sufficient information to admit or deny the allegation in this paragraph.

35. Defendant is without sufficient information to admit or deny the allegation in this paragraph.

36. Defendant is without sufficient information to admit or deny the allegation in this paragraph.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

4 | P a g e

## **AFFIRMATIVE DEFENSES**

1. The Defendant asserts, without admitting liability, that any claims the Plaintiff may have against the Defendant are barred by the applicable statute of limitations.

2. The Defendant asserts, without admitting liability, that any violation of the FDCPA was the result of a bona fide error notwithstanding reasonable procedures in effect to prevent said error. Those procedures include, but are not limited to, the following:

   - Defendant's policy is that it only collects debts that are validly due and owing. Defendant's employees are trained to comply with this policy. Consistent with this policy, and because Defendant is not the original creditor on debts it collects and does not have first-hand information regarding any accounts referred to it for collection, U.S. Acute Care Solutions has agreed that it will refer only validly due and owing debts to Defendant for collection.

   - After placement of the account and prior to collection efforts, the Defendant performed certain standard procedures to review the account to avoid certain pitfalls and potential violations of the law, such as verifying Plaintiff's personal identifying information, performing a cellphone scrub to avoid potential issues with the Telephone Consumer Protection Act, performing a bankruptcy scrub to avoid violation of any bankruptcy stays, and performing a search using the national change of address database ("NCOA") to ensure that its mailings reached the intended recipient.

Respectfully submitted by:

 /s/Dale T. Golden
Dale T. Golden, Esq.
dgolden@mgl.law
Florida Bar No.: 94080
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
410 Ware Boulevard
Suite 806
Tampa, Florida 33619
Main Line: (813) 251-3632
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

 /s/Dale T. Golden
Dale T. Golden, Esq.

Filing # 209230699 E-Filed 10/21/2024 03:20:39 PM

## IN THE COUNTY COURT FOR THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO. COCE-24-32842

JACLYN JAFFE,

      Plaintiff,

vs.

I.C. SYSTEM, INC.,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION

The Defendant I.C. System, Inc. ("IC" or "Defendant"), files this Motion to

Dismiss for Lack of Jurisdictional Standing.

By:

*/s/ Dale T. Golden*
Dale T. Golden, Esq.
*Martin Golden Lyons Watts & Morgan, PLLC*

# I.      Introduction

Florida law is clear: "no concrete harm, no standing." And if the Plaintiff

lacks standing, the court lacks jurisdiction and the Plaintiff cannot proceed with her

lawsuit. While the Plaintiff claims the Defendant acted illegally in attempting to

collect a debt from her, she has failed to allege facts showing she suffered "some

threatened or actual injury resulting from the putatively illegal action." Because the

Complaint fails to plead facts showing that the Plaintiff suffered a concrete injury

caused by the Defendant's actions, it must be dismissed.

## II.      The Plaintiff's Complaint

In the Complaint, the Plaintiff alleges that the Defendant violated the Fair

Debt Collection Practices Act (FDCPA) by attempting to collect a medical debt

that it *knew* was subject to Florida's Workers' Compensation statute. More

specifically, the Complaint claims:

> Defendant sent the Collection to Plaintiff in an attempt to
> collect the Consumer Debt. The Letter falsely represents
> that Plaintiff is responsible for the repayment of the
> Consumer Debt. Here, Plaintiff is not liable or otherwise
> responsible for the payment of the medical services
> rendered by Care Provider, as such medical services were
> rendered to Plaintiff as a result of a work-related injury
> sustained by Plaintiff.
>
> Defendant by and through the Collection Letter, falsely
> represents the character of the Consumer Debt, in that the
> Collection Letter falsely represents Consumer Debt as a
> debt which Plaintiff is solely responsible and/or
> otherwise obligated to pay.

> Defendant falsely represents the amount of the Consumer
> Debt, in that, the [amount] sought by the Collection
> Letter exceeds the amount which Care Provider is
> entitled [to] pursuant to the fee schedule and/or
> guidelines for services rendered to injured workers such
> as Plaintiff.

*See* Complaint at ¶¶ 37, 38 & 39.

As a result of the alleged statutory violation, the Plaintiff claims to have suffered statutory as well as actual damages. Yet the Complaint does not allege any injury that qualifies as an "injury-in-fact" for purposes of standing. The Plaintiff does not allege she suffered physical or financial harm due to the Defendant's Collection Letter. Nor does she allege an intangible injury that has a close common-law analogue. In fact, the Complaint does not identify *any injury whatsoever* that the Plaintiff allegedly suffered due to the Defendant's allegedly prohibited conduct and does not even seek any actual damages whatsoever.

### III.    Florida Law on Standing/Jurisdiction

As the Fourth District Court of Appeal noted in *Southam v. Red Wing Shoe Co.*:

> In Florida, judicial authority and the courts emanate from
> article V, section 1 of the Florida Constitution. Access to
> courts is derived from article I, section 21 (1968), which
> states that "the courts shall be open to every person for
> redress of any injury, and justice shall be administered
> without sale, denial or delay." "Redress" is defined as
> being the receiving satisfaction for an injury sustained.
> "Injury" is further defined as any wrong or damage done
> to another, either in his person, rights, reputation, or

property.

*Id.*, 343 So.3d 106 (4th DCA 2022) (internal brackets and citations omitted).

While Florida courts, unlike federal courts, are generally considered "tribunals of plenary jurisdiction,"[1] Florida jurisdiction still has limitations. The "Florida Constitution guarantees ... access to our courts for redress of injuries, but that right has never been understood as a limitless warrant to bring the worlds [sic] litigation here." *Tananta v. Cruise Ships Catering & Servs. Int'l., N.V.*, 909 So. 2d 874, 888 (Fla. 3d DCA 2004) (citation omitted) (alteration in original). Therefore, "except as otherwise required by the constitution, Florida recognizes a general standing requirement in the sense that every case must involve a real controversy as to the issue or issues presented." *Kuhnlein*, 646 So. 2d at 720.

Twenty years ago in *State v J.P.*, the Florida Supreme Court held that three requirements constitute the "irreducible constitutional minimum" for standing:

1. The plaintiff must have suffered "an injury in fact," which is "concrete," "distinct and palpable," and "actual or imminent;"
2. The plaintiff must demonstrate "a causal connection between the injury and the conduct complained of;" and
3. The plaintiff must show a "substantial likelihood" that the requested relief will remedy the alleged injury in fact.

*Id.*, 907 So. 2d 1101, 1113 n.4 (Fla. 2004) (citations omitted).

---

[1] *See Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 720 (Fla. 1994).

IV.    **Florida Courts lack jurisdiction claims when insufficient factual allegations of a "concrete injury" are pleaded in the complaint.**

In *Southam*, the Fourth District Court of Appeal dismissed a class action lawsuit filed by a plaintiff alleging that a defendant violated the federal Fair and Accurate Credit Reporting Transactions Act (FACTA). *Id.*, 343 So. 3d 106, 107 (Fla. 4th DCA 2022). The plaintiff there claimed that the defendant violated the FACTA by printing all ten digits of his credit card number on his purchase receipt. *Id.*

The defendant moved to dismiss arguing that the plaintiff "did not have standing to bring the action because he had not suffered a concrete or actual injury." *Id.* at 108. The plaintiff argued that "a FACTA violation without resulting harm enables him to sue for statutory damages." *Id.* at 110. But the court rejected that argument opining: "a purely illegal action in the absence of resulting harm does not confer standing on an individual." *Id.*

In affirming the trial court's dismissal of the case, the Fourth District noted that other Florida courts had "cited with approval and utilized" the Florida Supreme Court's ruling in *State v J.P.* to analyze standing. *Id.* at 109, *citing Giuffre v. Edwards*, 226 So. 3d 1034, 1039 (Fla. 4th DCA 2017); *Cmty. Power Network Corp. v. JEA*, 327 So. 3d 412, 415 (Fla. 1st DCA 2021). The court added that, in Florida, "like in federal court, standing … exists if a party alleges an actual or legal injury." *Id.* (internal citations omitted). Applying the analysis of the Florida

Supreme Court in *State v. J.P.*, the *Southam* court held that for a plaintiff to have

standing and vest the court with jurisdiction, the alleged injury must be

"'concrete,' 'distinct and palpable,' and 'actual or imminent.'" *Id.* at 110.

Reviewing the complaint on appeal, the court held that "no actual damages

occurred" since there was no allegation that someone had charged a purchase to the

plaintiff's account and therefore any "risk of harm" had failed to materialize. *Id.*

In conducting its review of the jurisdictional issue, the court found "federal

case law as to standing is persuasive." *Id.* at 111. It then detailed jurisdictional

rulings from various federal court in cases involving statutory claims, including the

United State Supreme Court's ruling in *Spokeo v. Robins*, a case involving claims

under the Fair Credit Reporting Act, in which the High Court held that "'a bare

procedural violation, divorced from any concrete harm,' did not confer standing."

*Id.* at *111. The Fourth District also cited the Supreme Court's 2021 ruling in

*Trans Union v. Ramirez*, in which the High Court "concluded that 'only those

plaintiffs who have been concretely harmed by a defendant's statutory violation

may sue that private defendant over that violation.'" *Id.*

Particularly persuasive to the court in *Southam* was the Federal Eleventh

Circuit Court of Appeals' 2020 ruling in *Muransky v. Godiva Chocolatier*, a class

action also alleging violations of the FACTA. In that case, the Eleventh Circuit

held that "a party does not have standing to sue when it pleads only the bare

violation of a statute." *Id.*, 979 F.3d 917, 920 (11th Cir. 2020). The *Southam* court

found the case before it indistinguishable from *Muransky*, and determined the

court's ruling in that case was "persuasive [and] aligns with our holding that

appellant has not shown a concrete injury sufficient for standing." *See Southam*,

343 So.3d at 111.

    In another FACTA case, the Third Circuit Court of Appeal rejected the

plaintiff's request "to broaden Florida's standing requirements and exercise

jurisdiction over the federal statutory claim because *Muransky* only applies to

Article III standing under the United States Constitution." *See Saleh v. Miami*

*Gardens Square One*, 353 So.3d 1253, 1254 (Fla. 3rd DCA 2023). The court

instead affirmed the trial court's dismissal on jurisdictional grounds finding that

"Florida law also imports an injury in fact requirement under our standing

framework." *Id.* at 1255.

    A few months later, the same court rejected a plaintiff's argument that the

following allegations were sufficient to create jurisdictional standing in a class

action complaint alleging that the defendant violated the federal Telephone

Consumer Protection Act by placing illegal text messages to his cellphone number:

- The "quantity and quality of messages . . . constituted a barrage
  of messages that caused [him] to incur repeated aggravation by
  annoying him, costing him resources, and interfering with his
  daily activities such as driving safely or peacefully putting his
  children to bed."

- The February 24 text "had the effect of blasting through and disrupting the Plaintiff's domestic weekend peace."

- The texts "invaded his privacy, intruded upon his seclusion and solitude, wasted his time by requiring him to open and read the messages, depleted his cell phone battery, caused him to incur a usage allocation deduction to his text messaging or data plan, and took up approximately 190 bytes of memory on his cell phone."

*See Pet Supermarket, Inc. v. Eldridge*, 360 So.3d 1201, 1203 (Fla. 3rd DCA 2023).

The court also found "no merit to [the plaintiff's] contention that his allegation of a statutory violation of the TCPA alone establishes his standing to bring suit." *Id.*, 360 So.3d at 1201. It is therefore clear that to establish jurisdictional standing, a complaint must contain specific factual allegations that, if proven, would show that the plaintiff suffered a "concrete injury" due to the defendant's unlawful actions.

## V.    Legal Arguments

a) **The Plaintiff's Complaint fails to allege *facts* demonstrating she suffered a "concrete injury" caused by the Defendant's actions.**

As this court knows, Florida, like the federal court system, is a "fact pleading" jurisdiction, meaning a complaint "must allege sufficient ultimate facts," as opposed to conclusory claim. *See Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So. 2d 220, 221-22 (Fla. 4th DCA 2005). And "speculative possibilities, based on factual assumptions pertaining to events that only might occur at some uncertain time in the future, do not create ... standing." *Liebman v. City of Miami*,

279 So. 3d 747, 752 (Fla. 3rd DCA 2019). A trial court is not required "to accept … conclusory allegations …. or mere legal conclusions made by a party." *Shands Teaching Hosp. and Clinics, Inc. v. Estate of Lawson ex rel. Lawson*, 175 So. 3d 327, 331 (Fla. 1st DCA 2015) (en banc).

As detailed above, Florida courts have consistently relied on rulings from federal courts reviewing Article III jurisdictional standing when analyzing the same issue under Florida's jurisdictional standing principles. And federal courts have unwaveringly held that *conclusory* allegations of harm or injury are insufficient to create jurisdiction. *See, e.g., Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 709, 712-14 (11th Cir. 2014) (explaining that allegations of injury must satisfy *Twombly*[2] pleading standards and dismissing the complaint for failing to adequately allege the fact of injury where the plaintiff "pled injury at only the highest order of abstraction and with only conclusory assertions").

At the motion to dismiss stage, a plaintiff must allege facts that, taken as true, plausibly state that the elements of standing are met. *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1241 (11th Cir. 2022). Where, as here, a plaintiff asserts an injury in an abstract, conclusory fashion without providing adequate allegations of fact to support the assertion, the claim of

---

[2] The so-called "Twombly standard" was established by the Supreme Court in 2007 and requires plaintiffs to provide specific and plausible factual allegations in their complaints, rather than relying on conclusory statements. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-554, 567-68 (2007).

injury does not satisfy federal pleading standards. *See, e.g., Simpson v. Sanderson Farms*, Inc., 744 F.3d 702, 709, 712-14 (11th Cir. 2014).

The Plaintiff's Complaint contains no factual allegations that the Plaintiff paid money to the Defendant or any other party because of receiving the Collection Letter. Stated another way, absent from the Complaint is any specific allegation of pecuniary damages/loss. The Complaint instead articulates no injury whatsoever. There are for instance, no allegations that she was "misled," "confused," "caused … to believe she did not have any rights," that she "has been subject to unwarranted and illegal collection activities and harassment," all because of the Defendant's Collection Letter. To be sure, she has "identified no 'downstream consequences' from" any of those alleged "injuries" and therefore has failed to allege sufficient facts to create jurisdictional standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021).

In *Trans Union*, the Supreme Court made clear that an intangible injury along is not enough to create jurisdictional standing. *Id.* In reaching that conclusion, the Court cited *Trichell v. Midland Credit Mgmt.*, an earlier ruling from Eleventh Circuit Court of Appeals rejecting the plaintiffs' claims that they had standing to bring FDCPA claims against the defendant debt collector based on the allegation that the defendant's letter misled them since the plaintiffs "have identified no comparable downstream consequences from their receipt of allegedly

misleading communications." *Id.*, 964 F.3d 990, 1004 (11th Cir. 2020). Other

federal courts have likewise found that the plaintiffs failed to create jurisdictional

standing in cases alleging esoteric injuries with no downstream consequences. *See,*

*e.g., Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022)

(dismissing for lack of standing a similar FDCPA claim by a plaintiff in receipt of

a debt-collection letter because "critically, [plaintiff] didn't make a payment,

promise to do so, or other-wise act to her detriment in response to anything in or

omitted from the letter"); *Smith v. GC Servs. L.P.*, 986 F.3d 708, 710 (7th Cir.

2021) ("[Plaintiff], who says that she was confused by the letter she received, does

not contend that the letter's supposed lack of clarity led her to take any detrimental

step, such as paying money she did not owe. She therefore needs some other way

to show injury."); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069

(7th Cir. 2020) (dismissing FDCPA claims for lack of standing where a plaintiff

received a misleading debt-collection letter but did not rely on it to her detriment);

*Shields v. Professional Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th

Cir. 2022) (dismissing FDCPA claims for lack of standing because the plaintiff

"never alleged the letters caused her to do anything"); *Frank v. Autovest, LLC*, 961

F.3d 1185, 1188, 447 U.S. App. D.C. 197 (D.C. Cir. 2020).

The Plaintiff here, like the plaintiffs in each case cited above, has not alleged

any "downstream consequence" from allegedly being "misled," "confused,"

"caused … to believe she did not have any rights," or "being subject to unwarranted and illegal collection activities and harassment." She therefore lacks jurisdictional standing.

## VI.    Conclusion

"No concrete harm, no standing." The Plaintiff has failed to allege facts that if proven would demonstrate that she suffered an "injury" caused by the Defendant's alleged unlawful actions. She therefore lacks standing and this court lacks jurisdiction. As the Supreme Court recognized more than 150 years ago: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."[3]

WHEREFORE, the Defendant respectfully requests an Order from this court dismissing this case for lack of jurisdiction.

Respectfully submitted by:

*/s/Dale T. Golden*
Dale T. Golden
dgolden@mgl.law
**Martin Golden Lyons**
**Watts Morgan PLLC**
410 Ware Boulevard
Suite 806
Tampa, Florida 33619
Main Line: (813) 251-3632
*Counsel for Defendant*

---

[3] *Ex parte McCardle*, 7 Wall. 506, 514 (1869).

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing

with the Clerk of the Court using the e-Filing Portal. I also certify that the foregoing

document is being served this day on all counsel either via transmission of Notices of

Electronic Filing generated by e-Filing Portal or in some other authorized manner for

those counsel or parties who are not authorized to receive electronically Notices of

Electronic Filing.

/s/Dale T. Golden
Dale T. Golden
dgolden@mgl.law

Filing # 209555003 E-Filed 10/24/2024 05:31:12 PM

# IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY FLORIDA
### CASE NO.: COCE-24-032842
### DIVISION: 100

JACLYN JAFFE,

        Plaintiff,

v.

IC SYSTEM, INC.,

        Defendant.

### Defendant's Motion to Dismiss for Lack of Jurisdiction

The Defendant I.C. System, Inc. ("IC" or "Defendant"), files this Motion to Dismiss for Lack of Jurisdictional Standing.

By:

*/s/ Dale T. Golden*
Dale T. Golden, Esq.
*Martin Golden Lyons Watts & Morgan, PLLC*

## I.      Introduction

Florida law is clear: "no concrete harm, no standing." And if the Plaintiff lacks standing, the court lacks jurisdiction and the Plaintiff cannot proceed with his lawsuit. While the Plaintiff claims the Defendant violated federal law by attempting to collect a debt from her, she has failed to allege any facts that if true would show she suffered "some threatened or actual injury resulting from the putatively illegal action." The Complaint must be dismissed.

## II.      The Plaintiff's Complaint

In the Complaint, the Plaintiff alleges that the Defendant violated the federal Fair Debt Collection Practices Act (FDCPA) by attempting to collect an alleged debt. More specifically, the Complaint claims:

> On a date better known to Defendant, Defendant sent a collection letter, internally dated July 237, 2023 [sic], to Plaintiff … in an attempt to collect the Consumer Debt.

*See* Complaint at ¶ 28.

While the Complaint seeks "actual damages," it contains no factual allegation that the Plaintiff suffered any actual damage because of receiving the collection letter. It, in fact, contains no factual allegation of "injury" period.

## III.      Florida Law on Standing/Jurisdiction

As the Fourth District Court of Appeal noted in *Southam v. Red Wing Shoe Co.*:

> In Florida, judicial authority and the courts emanate from
> article V, section 1 of the Florida Constitution. Access to
> courts is derived from article I, section 21 (1968), which
> states that "the courts shall be open to every person for
> redress of any injury, and justice shall be administered
> without sale, denial or delay." "Redress" is defined as
> being the receiving satisfaction for an injury sustained.
> "Injury" is further defined as any wrong or damage done
> to another, either in his person, rights, reputation, or
> property.

*Id.*, 343 So.3d 106 (4th DCA 2022) (internal brackets and citations omitted).

While Florida courts, unlike federal courts, are generally considered "tribunals of plenary jurisdiction,"[1] Florida jurisdiction still has limitations. The "Florida Constitution guarantees ... access to our courts for redress of injuries, but that right has never been understood as a limitless warrant to bring the worlds [sic] litigation here." *Tananta v. Cruise Ships Catering & Servs. Int'l., N.V.*, 909 So. 2d 874, 888 (Fla. 3d DCA 2004) (citation omitted) (alteration in original).

Florida state court, like their federal counterparts, therefore "import[] an injury in fact requirement under our standing framework." *Saleh v. Miami Gardens Square One, Inc.*, 353 So. 3d 1253, 1255 (Fla. 3d DCA 2023) (citing *State v. J.P.*, 907 So. 2d 1101, 1113 n.4 (Fla. 2004)). In *State v J.P.*, the Florida Supreme Court held that three requirements constitute the "irreducible constitutional minimum" for standing:

1. The plaintiff must have suffered "an injury in fact,"

---

[1] *See Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 720 (Fla. 1994).

which is "concrete," "distinct and palpable," and "actual or imminent;"

2. The plaintiff must demonstrate "a causal connection between the injury and the conduct complained of;" and

3. The plaintiff must show a "substantial likelihood" that the requested relief will remedy the alleged injury in fact.

*Id.*, 907 So. 2d at 1113 (citations omitted).

## IV.    Florida Courts lack jurisdiction when insufficient factual allegations of a "concrete injury" are pleaded in the complaint.

In *Southam*, the Fourth District Court of Appeal dismissed a class action lawsuit filed by a plaintiff alleging that a defendant violated the federal Fair and Accurate Credit Reporting Transactions Act (FACTA). *Id.*, 343 So. 3d 106, 107 (Fla. 4th DCA 2022). The plaintiff there claimed that the defendant violated the FACTA by printing all ten digits of his credit card number on his purchase receipt. *Id.*

The defendant moved to dismiss arguing that the plaintiff "did not have standing to bring the action because he had not suffered a concrete or actual injury." *Id.* at 108. The plaintiff argued that "a FACTA violation without resulting harm enables him to sue for statutory damages." *Id.* at 110. But the court rejected that argument opining: "a purely illegal action in the absence of resulting harm does not confer standing on an individual." *Id.*

In affirming the trial court's dismissal of the case, the Fourth District noted that other Florida courts had "cited with approval and utilized" the Florida Supreme Court's ruling in *State v J.P.* to analyze standing. *Id.* at 109, *citing Giuffre v. Edwards*, 226 So. 3d 1034, 1039 (Fla. 4th DCA 2017); *Cmty. Power Network Corp. v. JEA*, 327 So. 3d 412, 415 (Fla. 1st DCA 2021). The court added that, in Florida, "like in federal court, standing … exists if a party alleges an actual or legal injury." *Id.* (internal citations omitted). Applying the analysis of the Florida Supreme Court in *State v. J.P.*, the *Southam* court held that for a plaintiff to have standing and vest the court with jurisdiction, the alleged injury must be "'concrete,' 'distinct and palpable,' and 'actual or imminent.'" *Id.* at 110. Reviewing the complaint on appeal, the court held that "no actual damages occurred" since there was no allegation that someone had charged a purchase to the plaintiff's account and therefore any "risk of harm" had failed to materialize. *Id.*

The court found that when conducting its review of the jurisdictional issue, "federal case law as to standing is persuasive." *Id.* at 111. It then detailed jurisdictional rulings from various federal court in cases involving statutory claims, including the United State Supreme Court's ruling in *Spokeo v. Robins*, a case involving claims under the Fair Credit Reporting Act, in which the High Court held that "'a bare procedural violation, divorced from any concrete harm,' did not confer standing." *Id.* at *111. The Fourth District also cited the Supreme Court's

2021 ruling in *Trans Union v. Ramirez*, in which the High Court "concluded that 'only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation.'" *Id.*

Particularly persuasive to the court in *Southam* was the Federal Eleventh Circuit Court of Appeals' 2020 ruling in *Muransky v. Godiva Chocolatier*, a class action also alleging violations of the FACTA. In that case, the Eleventh Circuit held that "a party does not have standing to sue when it pleads only the bare violation of a statute." *Id.*, 979 F.3d 917, 920 (11th Cir. 2020). The *Southam* court found the case before it indistinguishable from *Muransky*, and determined the court's ruling in that case was "persuasive [and] aligns with our holding that appellant has not shown a concrete injury sufficient for standing." *See Southam*, 343 So.3d at 111.

In another FACTA case, the Third Circuit Court of Appeal rejected the plaintiff's request "to broaden Florida's standing requirements and exercise jurisdiction over the federal statutory claim because *Muransky* only applies to Article III standing under the United States Constitution." *See Saleh v. Miami Gardens Square One*, 353 So.3d 1253, 1254 (Fla. 3rd DCA 2023). The court rejected that argument and affirmed the trial court's dismissal on jurisdictional grounds finding that "Florida law also imports an injury in fact requirement under our standing framework." *Id.* at 1255.

A few months later, the same court spurned a plaintiff's argument that the

following allegations were sufficient to create jurisdictional standing in a class

action complaint alleging that the defendant violated the federal Telephone

Consumer Protection Act by placing illegal text messages to his cellphone number:

- The "quantity and quality of messages . . . constituted a barrage of messages that caused [him] to incur repeated aggravation by annoying him, costing him resources, and interfering with his daily activities such as driving safely or peacefully putting his children to bed."

- The February 24 text "had the effect of blasting through and disrupting the Plaintiff's domestic weekend peace."

- The texts "invaded his privacy, intruded upon his seclusion and solitude, wasted his time by requiring him to open and read the messages, depleted his cell phone battery, caused him to incur a usage allocation deduction to his text messaging or data plan, and took up approximately 190 bytes of memory on his cell phone."

*See Pet Supermarket, Inc. v. Eldridge*, 360 So.3d 1201, 1203 (Fla. 3rd DCA 2023).

The court also found "no merit to [the plaintiff's] contention that his

allegation of a statutory violation of the TCPA alone establishes his standing to

bring suit." *Id.*, 360 So.3d at 1201. It is therefore clear that to establish

jurisdictional standing, a complaint must contain specific factual allegations that, if

proven, would show that the plaintiff suffered a "concrete injury" due to the

defendant's unlawful actions.

## V.    Legal Arguments

### The Plaintiff's Complaint alleges no facts demonstrating she suffered a "concrete injury" caused by the Defendant's actions.

As this court knows, Florida, like the federal court system, is a "fact pleading" jurisdiction, meaning a complaint "must allege sufficient ultimate facts," as opposed to conclusory claim. *See Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So. 2d 220, 221-22 (Fla. 4th DCA 2005). A trial court is not required "to accept … conclusory allegations …. or mere legal conclusions made by a party." *Shands Teaching Hosp. and Clinics, Inc. v. Estate of Lawson ex rel. Lawson*, 175 So. 3d 327, 331 (Fla. 1st DCA 2015) (en banc).

As detailed above, Florida courts have consistently relied on rulings from federal courts reviewing Article III jurisdictional standing when analyzing the same issue under Florida's jurisdictional standing principles. And federal courts have unwaveringly held that *conclusory* allegations of harm or injury are insufficient to create jurisdiction. *See, e.g., Simpson v. Sanderson Farms,* 744 F.3d 702, 709, 712-14 (11th Cir. 2014) (explaining that allegations of injury must satisfy *Twombly*[2] pleading standards and dismissing the complaint for failing to adequately allege the fact of injury where the plaintiff "pled injury at only the highest order of abstraction and with only conclusory assertions").

At the motion to dismiss stage, a plaintiff must allege facts that, taken as

---

[2] The so-called "Twombly standard" was established by the Supreme Court in 2007 and requires plaintiffs to provide specific and plausible factual allegations in their complaints, rather than relying on conclusory statements. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-554, 567-68 (2007).

true, plausibly state that the elements of standing are met. *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1241 (11th Cir. 2022). Where, as here, a plaintiff merely claims entitlement to "actual damages" without alleging any facts that would suppport an award of actual damages, a claim of injury cannot satisfy pleading standards. *See, e.g., Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 709, 712-14 (11th Cir. 2014).

The Plaintiff's Complaint contains no factual allegations that the Plaintiff paid money to the Defendant or any other party because of receiving the Collection Letter. Stated another way, absent from the Complaint is any specific allegation of pecuniary damages/loss. Nor does the Complaint claim that the Plaintiff suffered some non-pecuniary harm due to the Defendant's action. She doesn't claim to have been adversely affected in any way by receiving the allegedly offending letter.

The Complaint instead merely claims entitlement to "actual damages." *Ibid.* at ¶ 28. But this request for "actual damages" is insufficient to create jurisdiction.

The law in Florida is clear that an "allegation of a statutory violation" is insufficient by itself to establish standing to sue. *See Pet Supermarket*, 360 So.3d at 1201. It is therefore clear that to establish jurisdictional standing, the Plaintiff's Complaint must contain specific factual allegations that, if proven, would show she suffered a "concrete injury" due to the defendant's allegedly unlawful actions. Yet the Complaint contains *no* factual allegations that the Plaintiff suffered any type of

injury due to the Defendant's alleged violation of the FDCPA. The lack of any such factual allegations means the Plaintiff lacks standing to sue and the case must be dismissed.

## VI.   Conclusion

"No concrete harm, no standing." The Plaintiff has failed to allege facts that if proven would demonstrate that she suffered an "injury" because of the Defendant's alleged unlawful actions. She therefore lacks standing and this court lacks jurisdiction. As the United States' Supreme Court recognized more than 150 years ago: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."[3]

WHEREFORE, the Defendant respectfully requests an Order from this court dismissing this case.

## [SIGNATURE BLOCK ON NEXT PAGE]

---

[3] *Ex parte McCardle*, 7 Wall. 506, 514 (1869).

Dated: October 24, 2024                Respectfully submitted,

                                       */s/Dale T. Golden*
                                       Dale T. Golden, Esq.
                                       dgolden@mgl.law
                                       Florida Bar No.: 94080
                                       **MARTIN GOLDEN LYONS**
                                       **WATTS MORGAN PLLC**
                                       410 Ware Boulevard
                                       Suite 806
                                       Tampa, Florida 33619
                                       Main Line: (813) 251-3632
                                       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF, email, and/or CMRRR** to all parties entitled to notice of the same on this 24th day of October 2024.

                                       */s/Dale T. Golden*
                                       Dale T. Golden, Esq.

Filing # 214396148 E-Filed 01/11/2025 03:44:11 PM

**IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No.  COCE-24-032842**

**JACLYN JAFFE,**

　　　Plaintiff,

v.

**IC SYSTEM INC,**

　　　Defendant.

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

**FIRST AMENDED COMPLAINT**

Plaintiff Jaclyn Jaffe ("Plaintiff") sues IC System Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

**JURISDICTION AND VENUE**

1.　This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.　This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3.　The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.　Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 01/11/2025 03:44:10 PM.****

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a Minnesota corporation, with its principal place of business located in Saint Paul, Minnesota.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      At all times material, Plaintiff was employed by ESH Hospitality Inc *doing business as* Extended Stay America ("Extended Stay America").

9.      On February 8, 2023, in the course and scope of Plaintiff's employment at Extended Stay America, a dog belonging to a guest of Extended Stay America attacked Plaintiff causing puncture wounds and lacerations to the right forearm of Plaintiff (the "Work-Injury").

10.     On February 10, 2023, Plaintiff sought emergency treatment for the Work-Injury AdventHealth Hospital in Tampa, Florida (the "Hospital").

11.     In being admitted to the Hospital, Plaintiff disclosed, among other things, her employer's information and stated the primary reason for her visit was an animal bite she sustained at work on February 08, 2023.

12.     US Acute Care Solutions ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury at the Hospital, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

13.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

14.     In providing treatment to Plaintiff, Care Provider recorded in Plaintiff's contemporaneous medical records that Plaintiff presented to the emergency department due to concern for an animal bite sustained by February 08, 2023, at work.

15.     Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

16.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

17.     Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

18.     Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

19.     On May 11, 2023, Plaintiff petitioned the Office of the Judges of Compensation Claims ("OJCC") for an order requiring her employer and/or the employer's insurance carrier to provide benefits to Plaintiff as required by law. Attached as Exhibit A is a copy said petition filed by Plaintiff (the "Petition for Benefits").

20.     The Petition for Benefits is a publicly accessible document, of which was available to Defendant as of May 11, 2023.

21.     In the Petition for Benefits, in the "DETAILED DESCRIPTION OF THE ACCIDENT" portion of the submission, Plaintiff stated "I protected the owner's daughter after their dog attacked a pit bull unprovoked after the daughter dropped the leash. I got bit severely after grabbing the dog's leash, and getting chewed on. The owner of the pit did what he could to help." Petition for Benefits.

22.     On June 02, 2023, Extended Stay America's worker's compensation insurance carrier, Sompo America Fire and Marine Insurance (the "Carrier"), filed a response to the Petition

for Benefits. Attached as Exhibit B is a copy of said response (the "Response to Petition for Benefits").

23.     In the Response to Petition for Benefits, the Carrier accepted compensability of the Work-Injury.

24.     Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

25.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

26.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

27.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

28.     Defendant is a business entity engaged in the business of collecting consumer debts.

29.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

31.     Defendant's "Consumer Collection Agency" license number is CCA0900391.

32.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

33.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

34.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

35.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

36.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

37.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff

38.     On a date better known to Defendant, Defendant sent a collection letter, internally dated July 27, 2023, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached as Exhibit C is a copy of the Collection Letter.

39.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

40.     The Collection Letter represents an action to collect a debt by Defendant.

41.     In the Collection Letter, Defendant demands payment of $985.00 from Plaintiff for the medical services the Care Provider rendered to Plaintiff for the Work Injury.

42.     The Collection Letter caused Plaintiff to wrongfully believe that she was responsible for repayment of the Consumer Debt and, as a result, caused Plaintiff distress, loss of sleep, and anxiety, as Plaintiff could not afford the $985.00 demanded in the Collection Letter.

43.     Plaintiff lost two (2) hours of sleep on at least three (3) different occasions as a result of the distress and anxiety caused by the Collection Letter.

44.     Plaintiff wasted three (3) hours seeking feedback a worker's compensation attorney regarding its legitimacy and whether Plaintiff was responsible for paying $985.00 demanded.

45.     Defendant lacks policies and procedures reasonably adapted to prevent collecting, or attempting to collect, debts relating to the treatment of a workplace injury from the injured employee directly.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

46.     Plaintiff incorporates by reference paragraphs 8 through 45 of this Amended Complaint.

47.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

48.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

49.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

50.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

51.     As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

52.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

53.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the  sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

54.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

55.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: January 11, 2025

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2025, the foregoing was electronically filed with the Clerk of the Court using the Florida e-filing portal, of which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

# Exhibit A

# STATE OF FLORIDA
## DIVISION OF ADMINISTRATIVE HEARINGS
## OFFICE OF THE JUDGES OF COMPENSATION CLAIMS

## PETITION FOR WORKERS' COMPENSATION BENEFITS

Employee/Claimant petitions the Office of the Judges of Compensation Claims for an order requiring Employer/Carrier to provide benefits due under Chapter 440, Florida Statutes as claimed below.

| | |
|---|---|
| **EMPLOYEE:** Jaclyn jaffe<br>6902 W Hillsborough Avenue, 330<br>Tampa, FL 33634<br>352-304-0615 | **OJCC CASE NO.** (required if previously issued): **23-012075BJA** |
| **EMPLOYER:** ESH Hospitality, Inc<br>5401 Beaumont Center Blvd<br>Tampa, Fl 33634<br>813-243-1913 | **CARRIER:** Gallagher Bassett Services, Inc.<br>PO Box 2934<br>Clinton, IA 52733<br>--<br>Sompo International<br>11405 North Community House Rd Suite 60<br>Charlotte, NC 28277<br>-- |

**CLAIMANT'S NAME** (if different from the employee):

**EMPLOYEE/CLAIMANT'S ATTORNEY** (if any):    Yuli Kotler
0109505
9800 4th Street North, Suite 200
St. Petersburg, FL 33702
8133559822

**DATE OF ACCIDENT** (disablement date if occupational disease): 2/8/2023

**ACCIDENT COUNTY:** Hillsborough

**ACCIDENT STATE:** FL

**DETAILED DESCRIPTION OF JOB RESPONSIBILITIES:** Check in guests in the Hotel Key system (on an iPad), answer phones, fill linen orders (towels and sheets), laundry, answer guest questions and get them what they need from toilet paper, dishware, cookware, shampoo, soap, and any other duties assigned by management

**SPECIFIC WORK BEING PERFORMED WHEN INJURY OCCURRED:** Helping a guest in the office (daughter of guest who owned the dog the bit me)

**DETAILED DESCRIPTION OF THE ACCIDENT:** I protected the owner's daughter after their dog attacked a pit bull unprovoked after the daughter dropped the leash. I got bit severely after grabbing the dog's leash, and getting chewed on. The owner of the pit did what he could to help.

**IS THIS PETITION FOR MEDICAL BENEFITS ONLY:** No

**AWW 13 WEEKS PRECEDING ACCIDENT:**

**CURRENT AWW:**

**PART(S) OF BODY INJURED:** Right forearm and wrist

**CURRENTLY WITH SAME EMPLOYER:** Y

**CHARACTER OF DISABILITY:** Unable to perform at original capacity

**CURRENT WORK LEVEL:** None Apply

**HAS MMI BEEN REACHED:** N   IF SO, DATE OF MMI:

Jurisdiction: The Judge of Compensation Claims has jurisdiction over the parties and the subject matter of this petition.

Managed care grievance procedures, if required, were exhausted under F.S. §440.192(3). The Grievance was dated:

OJCC Form PFB (Revised 9-1-2006)

**Filed May 11, 2023 2:40 PM ET Office of the Judges of Compensation Claims.**

## MONETARY (INDEMNITY) BENEFITS CLAIMED, FLORIDA STATUTES §440.15

**CLASS OF BENEFIT:** Temporary Total Disability   **Starting Date:** 2/8/2023   **Ending Date:** continuing

**Details:** Authorization for TTD to be paid at the correct AWW to the Claimant, including concurrent earnings, from 2/8/2023 to present and continuing until Claimant reaches overall MMI.

**CLASS OF BENEFIT:** Temporary Partial Disability   **Starting Date:** 2/8/2023   **Ending Date:** continuing

**Details:** Authorization for TPD to be paid at the correct AWW to the Claimant, including concurrent earnings, from 2/8/2023 to present and continuing until Claimant reaches overall MMI.

## MEDICAL AND REHABILITATIVE BENEFITS, FLORIDA STATUTES §440.13

**CLASS OF BENEFIT:** Authorization of Medical Care/Testing   **SPECIFIC TYPE:** Other

**Details:** Authorization, scheduling and provision of an appointment with an authorized medical provider.

## PENALTIES, INTEREST, COSTS, ATTORNEY'S FEES, OR OTHER CLAIMS

**CLASS OF BENEFIT:** Compensability

**Details:** Compensability of the Claimant's industrial accident and Claimant's work-related injuries including, but not limited to, Claimant's Right forearm and wrist.

**CLASS OF BENEFIT:** Attorney Fees and/or Costs

**Details:** Payment of attorney's fees and costs by E/C/SA pursuant to Section 440.34, Florida Statute or as otherwise provided by law.

**CLASS OF BENEFIT:** Penalties and/or Interest

**Details:** Payment of penalties and interest including but not limited to postage for certified mail in the amount of $4.05, by E/C/SA pursuant to Section 440.34, Florida Statute or as otherwise provided by law.

NOT AN OFFICIAL COPY – DCIS – ATTORNEY OF RECORD

DocuSign Envelope ID: E28589F6-B9E7-4FA9-AE67-98920D08260C

**Certificate of Good Faith Effort to Resolve Dispute, Acknowledgement of Fraud Statement, Certificate of Service, and Social Security Number Notice**

The claimant or, if the claimant is represented by counsel, the claimant's attorney, certifies that he or she has made a good faith effort to resolve the dispute and that the claimant or attorney was unable to resolve the dispute with the employer/carrier/servicing agent.

The claimant has read and understands the following: "Any person who, knowingly and with intent to injure, defraud, or deceive any employer or employee, insurance company, or self-insured program, files a statement of claim containing any false or misleading information commits insurance fraud, punishable as provided in s. 817.234." By signing below, the claimant attests that he or she has reviewed, understands, and acknowledges the foregoing notice. In accordance with Florida Statutes § 440.192(1), a copy of this petition for benefits has been served by certified mail on the injured worker's employer and the employer's carrier on _____. A copy of this petition has also been served on the attorney for the employer/carrier if known.

Disclosure of the employee's Social Security Number (SSN) is voluntary. An employee or claimant who does not have or declines to provide the employee's SSN must file a verified motion for assignment of substitute identification number along with the initial Petition for Benefits or Request for Assignment of Case Number in accordance with Fla. Admin. Code 60Q-6.105(4).

The employee's SSN will be used to uniquely identify the employee in the Office of the Judges of Compensation Claims (OJCC) case management system, ascertain a claimant's child support obligations before approving any lump sum settlement, and exchange information between the OJCC and the Division of Workers' Compensation. The employee's SSN may also be used by the employer and carrier named on the Petition for Benefits or Request for Assignment of Case Number to identify the employee.

SSN's are confidential and exempt from public disclosure. It is the express policy of the OJCC to prohibit the disclosure of SSN's by the OJCC or any of its employees, except the SSN will be disclosed by the OJCC for the following reasons: (1) in response to a legitimate inquiry from a state or federal agency in connection with matters within its jurisdiction; (2) if so ordered by a court of competent jurisdiction, pursuant to the terms of such order; and (3) to a commercial entity in response to a request in accordance with §119.071(5)(a)(7), Florida Statutes.

WHEREFORE, claimant requests an order directing the employer to provide the benefits as requested.

DocuSigned by:

_____          _/s/ Yuli Kotler_____
Signature of Claimant          Date          Signature of Counsel for Claimant          Date

# Exhibit B

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF THE JUDGES OF COMPENSATION CLAIMS

Jaclyn jaffe,

      Employee/Claimant,

v.

ESH Hospitality, Inc

      Employer,

and

Sompo America Fire & Marine Insurance

      Carrier/Servicing Agent.

_____/

**OJCC Case No.:** 23-012075BJA

**Assigned Judge:** Anthony

**Accident date:** 02/08/2023

## RESPONSE TO PETITION FOR BENEFITS

| LOST TIME CASE:   Yes | MEDICAL BENEFITS CASE:   Yes |
|---|---|

**RESPONSE TO EACH BENEFIT REQUESTED:**

(If Denial of Benefit(s) was rescinded, include the initial indemnity start date, disability type, average weekly wage and compensation rate.)

Petition(s) 05/11/2023(1) are covered by this response.

1. The employer/carrier/servicing agent has accepted compensability under the 120 day provision
2. Concentra will be authorized as the primary care physician
3. No medical documentation to support request for indemnity as of yet
4. Reasonable costs associated with the filing of this pfb alone will be reimbursed when properly identified
5. Penalties, interest and attorneys fees not due or owing.

**DENIAL OF BENEFIT WAS RESCINDED ON:**

| CARRIER:   SOMPO AMERICA FIRE & MARINE INSURANCE | CARRIER'S CODE:<br>CARRIER'S FILE NO.:   018191-003820-WC-01<br>DATE PREPARED:   6/1/2023 |
|---|---|
| **ADJUSTER:**   KATY PHOTOPOULOS<br>**TELEPHONE:**   717-610-3569<br>**EMAIL:**   KATY_PHOTOPOULOS_SOMPO-INTL@GBTPA.COM | **COPY FURNISHED:**<br>JACLYN JAFFE, 6902 W HILLSBOROUGH AVENUE, #330, TAMPA, FL 33634<br><br>YULI KOTLER, 9800 4TH STREET NORTH, SUITE 200, ST. PETERSBURG, FL 33702<br><br>HUMBERTO VALDES, 1057 MAITLAND CENTER COMMONS BLVD., MAITLAND, FL 32751 |

OJCC Form RPFB (Revised 3-1-2007)

**Filed June 1, 2023 2:01 PM ET Office of the Judges of Compensation Claims.**

**NOTICE:** If you do not agree with the employer/carrier's action or you do not understand why you received this information, please contact your adjuster. For further assistance, please contact the Employee Assistance and Ombudsman Office at (800) 342-1741.

# Exhibit C

From: **I.C. System** <DoNotReply@icsystemconsumer.com>
Date: Thu, Jul 27, 2023, 11:00 AM
Subject: Information about your US Acute Care Solutions Account No: 18600758A6385G581
To: Jaclyn Jaffe <JACLYNJAFFE@gmail.com>

I.C. SYSTEM, INC.
PO BOX 64378
SAINT PAUL, MN 55164-0378
844-978-1818: Mon–Fri 8:00 AM – 4:30 PM CT
https://www.icsystem.com/consumer

**To:**   Jaclyn Jaffe
16 HOBART GAP RD
SHORT HILLS, NJ 07078-1803

07/27/2023

**I.C. System Reference No: 322451279-1-89**
**Account No: 18600758A6385G581**
**Service Location: Adventhealth Westchase Er**

I.C. System, Inc. is a debt collector. We are trying to collect a debt that you owe to US Acute Care Solutions. We will use any information you give us to help collect the debt.

## Our information shows:

US Acute Care Solutions, has placed your past due balance for account number 18600758A6385G581 in our office. US Acute Care Solutions is both the original and current creditor to whom this debt is owed.

| As of 2/10/2023, you owed: | | $985.00 |
|---|---|---|
| Between 2/10/2023 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | - | $0.00 |

## How can you dispute the debt?

📞 **Call or write to us by 9/4/2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

🕐 **If you write to us by 9/4/2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at https://www.icsystem.com/consumer.

## What else can you do?

| Total amount of the debt now: | $985.00 |
|---|---|

✏️ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 9/4/2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at https://www.icsystem.com/consumer.

🏛️ **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

👤 **Contact us about your payment options.**

❓ **Póngase en contacto con nosotros para solicitar una copia de este formulario en español.**

Click here to opt out of further emails to this email address.

The name and address of the original creditor is:
US Acute Care Solutions
4535 DRESSLER ROAD NW
CANTON OH 44718

**Notice:** See below for important information

✂️ ----------------------------------------------------------------

**Mail this form to:**

IC System, Inc.
P.O. BOX 64378
SAINT PAUL, MN 55164-0378

Toll-Free 844-978-1818

Jaclyn Jaffe
16 HOBART GAP RD
SHORT HILLS, NJ 07078-1803

**How do you want to respond?**

*Check all that apply:*

☐ **I want to dispute the debt at** https://www.icsystem.com/consumer.

☐ **I want to dispute the debt because I think:**

  ☐ This is not my debt.

  ☐ The amount is wrong.

  ☐ Other (Please include additional information).

◼ **The name and address of the original creditor is provided in the notice above.**

☐ **Make payment at** https://pay.icsystem.com

☐ **I enclosed this amount:** $ [          ]

Make your check payable to I.C. System, Inc. Include the reference number: 322451279-1-89

☐ **Quiero este formulario en español.**

0510000009850032245127900189 0101



This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

This collection agency is licensed by the Minnesota Department of Commerce.
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.
North Carolina Permit/Company Nos. 20/119498225 and 4476/119501033.
I.C. System, Inc.|301 Sand Lake Road, Onalaska, WI 54650-2767

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul, MN 55164-0378

Notice: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information.

© Copyright 2014 | I.C. System, Inc. ALL RIGHTS RESERVED.

If you no longer want to receive these emails,
click here to unsubscribe.

Filing # 215273033 E-Filed 01/24/2025 11:57:26 AM

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No. COCE-24-032842

JACLYN JAFFE,

      **Plaintiff,**

v.

IC SYSTEM INC,

      **Defendant.**

_____/

### MOTION FOR LEAVE TO AMEND

      Plaintiff Jaclyn Jaffe ("Plaintiff") submits this Motion for Leave to file an amended complaint and, in support thereof, states:

      1.      On June 24, 2024, Defendant filed its Answer (Doc. 7) to the Complaint.

      2.      On August 07, 2024, this Court issued the Uniform Order Setting Pretrial Deadline (Doc. 9) (the "Scheduling Order"), of which requires that "MOTIONS AND OBJECTIONS directed at the pleadings, including Motion to Dismiss, shall be **resolved** no later than <u>75</u> days from the date of this Order, or they shall be deemed waived or abandoned without further notice of hearing unless not timely resolved for good cause shown." <u>Doc. 9</u> at ¶ 3.

      3.      Per the Scheduling Order, the deadline for the resolution of any motion to dismiss is October 21, 2024. <u>Doc. 9</u> at ¶ 3.

      4.      On the deadline for motions to dismiss to be **resolved**, on October 21, 2024, and after the deadline for motions to dismiss to be resolved, on October 24, 2024, Defendant filed a motion to dismiss. *See* <u>Doc. 9</u>; <u>Doc. 10</u>.

      5.      Although Defendant already filed an answer, and the later submitted Motion to Dismiss filed by Defendant is deemed abandoned under the Scheduling Order, Plaintiff seeks leave to file an amended complaint to address the alleged deficiencies raised by Defendant in the Motion to Dismiss.

Page 1 of 5

Pointedly, the Motion to Dismiss claims that Plaintiff fails to offer allegations which support that Plaintiff has standing to hold Defendant accountable for violations for the Fair Debt Collection Practices Act.

6.       Attached as Exhibit "A" is a copy of the First Amended Complaint. A copy of the First Amended Complaint has also been docketed as Doc. 13.

7.       Defendant will not be prejudiced by granting Plaintiff leave to amend because Defendant's lack of standing argument can be raised as part of a motion for summary judgment, of which would allow Plaintiff to proffer evidence in support of the existence of standing.

8.       Plaintiff will be prejudiced if leave is not granted, as the amended pleadings address the alleged deficiencies raised by Defendant and otherwise include additional documentation which support the veracity of Plaintiff's claim.

9.       Florida has a liberal rule governing amendments to pleadings, and leave to amend should be freely given when justice so requires. *See* Rule 1.190(a), Fla. R. Civ. P. ("[l]eave of court shall be given freely when justice so requires"); Newman v. State Farm Mutual Auto Ins. Co., 858 So. 2d 1205 (Fla. 4th DCA 2003) (holding that it was an abuse of discretion to not allow an amendment to a pleading even if there was a short period before trial, when the amendment simply restated an issue already present in the case of which the opposing party was aware and which needed no extensive preparation for trial, and that there would be great prejudice to the moving party to deny the amendment in that scenario). *See also* Wayne Creasy Agency, Inc. v. Maillard, 604 So. 2d 1235 (Fla. 3rd DCA 1992); Sing v. Tolz, 380 So. 2d 1326 (Fla. 4th DCA 1980); Mutual of Omaha Ins. Co. v. Gold, 795 So. 2d 119 (Fla. 5th DCA 2001).

10.      Furthermore, Rule 1.190(e) states that "[a]t any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading." In addition, Rule 1.190(b) states that "[t]he court may allow pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented." *See* Craig v. E. Paccso Med. Ctr., Inc., 650 So. 2d 179, 180 (Fla. 2d DCA 1995); Adams v. Knabb Turpentine Co., 435 So. 2d 944 (Fla. 1st DCA 1983). In fact, "refusal to allow amendment of a pleading constitutes an abuse of discretion unless it

clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." <u>Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank,</u> 592 So. 2d 302, 305 (Fla. 1st DCA 1991) (*citing* <u>New River Yachting Ctr., Inc. v. Bacchiocchi,</u> 407 So. 2d 607 (Fla. 4th DCA 1981)).

11.   As the merits of this case are more effectively presented by the amendment of the pleadings, Plaintiff seeks leave of Court to file the attached First Amended Complaint.

12.   Plaintiff has not abused his right to amend, as this is Plaintiff's first request to amend the pleadings. Moreover, Defendant will not be prejudiced by granting Plaintiff leave to amend because Defendant's lack of standing argument can be raised as part of a motion for summary judgment, of which would allow Plaintiff to proffer evidence in support of the existence of standing.

13.   Plaintiff will be prejudiced if leave is not granted, as the amended pleadings address the alleged deficiencies raised by Defendant and otherwise include additional documentation which supports the veracity of Plaintiff's claim – of which is neither novel nor a matter of first impression. *See* <u>Kottler v. Gulf Coast Collection Bureau,</u> 460 F. Supp. 3d 1282, 1293 (S.D. Fla. 2020) ("Because Plaintiff was not liable for payment under the Florida's Workers' Compensation Law, unless and until a determination was made otherwise, the statements in the Letter sent to Plaintiff concerning the ability to make a payment online or by mail, and Defendant's expressed assumption that the debt was valid unless she disputed its validity, constitute false representations of the character or legal status of the RPS debt" in violation of the Fair Debt Collection Practices Act.).

14.   Further, amendment will not be futile, as Defendant's core issue with the operative pleadings is that Plaintiff fails to proffer allegations which establish the existence of standing. Defendant does not argue that Plaintiff cannot have standing, but rather, the allegations do not exist. Because any dismissal for lack of standing must be without prejudice, <u>Free Holdings, Inc. v. McCoy,</u> 2024 U.S. App. LEXIS 1045, at *6 (2d Cir. Jan. 17, 2024) ("Dismissals for lack of standing must be entered without prejudice"), justice and judicial economy require that Plaintiff be afforded leave to amend so that a

resolution on the merits is possible, as Plaintiff has standing to hold Defendant accountable for its violation of the Fair Debt Collection Practices Act under the facts of this case, of which are identical to Kottler.

15.     WHEREFORE, in light of the preceding, justice requires that Plaintiff be granted leave to file the attached First Amended Complaint, as Defendant will not be prejudiced by the amendment, Plaintiff will be produced if leave is not granted, and the amendment sought by Plaintiff is not futile.

### CERTIFICATE OF CONFERRAL

Prior to the submission of the Motion for Leave, counsel for Plaintiff conferred with counsel for Defendant regarding the relief sought herein, whereby counsel for Defendant advised that the relief sought is *opposed*.

DATED: January 24, 2025

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 24, 2025, the forgoing was electronically filed via the Court's e-filing system on all counsel of record.

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377

# Exhibit A

**IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No.  COCE-24-032842**

JACLYN JAFFE,

      Plaintiff,

v.

**IC SYSTEM INC,**
                                **JURY TRIAL DEMANDED**

      Defendant.
                                **INJUNCTIVE RELIEF SOUGHT**

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff Jaclyn Jaffe ("Plaintiff") sues IC System Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3.     The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a Minnesota corporation, with its principal place of business located in Saint Paul, Minnesota.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      At all times material, Plaintiff was employed by ESH Hospitality Inc *doing business as* Extended Stay America ("Extended Stay America").

9.      On February 8, 2023, in the course and scope of Plaintiff's employment at Extended Stay America, a dog belonging to a guest of Extended Stay America attacked Plaintiff causing puncture wounds and lacerations to the right forearm of Plaintiff (the "Work-Injury").

10.     On February 10, 2023, Plaintiff sought emergency treatment for the Work-Injury AdventHealth Hospital in Tampa, Florida (the "Hospital").

11.     In being admitted to the Hospital, Plaintiff disclosed, among other things, her employer's information and stated the primary reason for her visit was an animal bite she sustained at work on February 08, 2023.

12.     US Acute Care Solutions ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury at the Hospital, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

13.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

14.    In providing treatment to Plaintiff, Care Provider recorded in Plaintiff's contemporaneous medical records that Plaintiff presented to the emergency department due to concern for an animal bite sustained by February 08, 2023, at work.

15.    Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

16.    The Consumer Debt arose from Plaintiff's work-related accident and injuries.

17.    Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

18.    Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

19.    On May 11, 2023, Plaintiff petitioned the Office of the Judges of Compensation Claims ("OJCC") for an order requiring her employer and/or the employer's insurance carrier to provide benefits to Plaintiff as required by law. Attached as Exhibit A is a copy said petition filed by Plaintiff (the "Petition for Benefits").

20.    The Petition for Benefits is a publicly accessible document, of which was available to Defendant as of May 11, 2023.

21.    In the Petition for Benefits, in the "DETAILED DESCRIPTION OF THE ACCIDENT" portion of the submission, Plaintiff stated "I protected the owner's daughter after their dog attacked a pit bull unprovoked after the daughter dropped the leash. I got bit severely after grabbing the dog's leash, and getting chewed on. The owner of the pit did what he could to help." Petition for Benefits.

22.    On June 02, 2023, Extended Stay America's worker's compensation insurance carrier, Sompo America Fire and Marine Insurance (the "Carrier"), filed a response to the Petition

for Benefits. Attached as Exhibit B is a copy of said response (the "Response to Petition for Benefits").

23.     In the Response to Petition for Benefits, the Carrier accepted compensability of the Work-Injury.

24.     Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

25.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

26.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

27.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

28.     Defendant is a business entity engaged in the business of collecting consumer debts.

29.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

31.     Defendant's "Consumer Collection Agency" license number is CCA0900391.

32.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

33.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

34.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

35.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

36.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

37.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff

38.     On a date better known to Defendant, Defendant sent a collection letter, internally dated July 27, 2023, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached as Exhibit C is a copy of the Collection Letter.

39.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

40.     The Collection Letter represents an action to collect a debt by Defendant.

41.     In the Collection Letter, Defendant demands payment of $985.00 from Plaintiff for the medical services the Care Provider rendered to Plaintiff for the Work Injury.

42.     The Collection Letter caused Plaintiff to wrongfully believe that she was responsible for repayment of the Consumer Debt and, as a result, caused Plaintiff distress, loss of sleep, and anxiety, as Plaintiff could not afford the $985.00 demanded in the Collection Letter.

43.     Plaintiff lost two (2) hours of sleep on at least three (3) different occasions as a result of the distress and anxiety caused by the Collection Letter.

44.     Plaintiff wasted three (3) hours seeking feedback a worker's compensation attorney regarding its legitimacy and whether Plaintiff was responsible for paying $985.00 demanded.

45.     Defendant lacks policies and procedures reasonably adapted to prevent collecting, or attempting to collect, debts relating to the treatment of a workplace injury from the injured employee directly.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

46.     Plaintiff incorporates by reference paragraphs 8 through 45 of this Amended Complaint.

47.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

48.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

49.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

50.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

51.     As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

52.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

53.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the  sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

54.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

55.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

      (a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

      (b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      (c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: January 11, 2025

Respectfully Submitted,

  /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2025, the foregoing was electronically filed with the Clerk of the Court using the Florida e-filing portal, of which will send a notice of electronic filing to all counsel of record.

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

# Exhibit A

# STATE OF FLORIDA
## DIVISION OF ADMINISTRATIVE HEARINGS
## OFFICE OF THE JUDGES OF COMPENSATION CLAIMS

## PETITION FOR WORKERS' COMPENSATION BENEFITS

Employee/Claimant petitions the Office of the Judges of Compensation Claims for an order requiring Employer/Carrier to provide benefits due under Chapter 440, Florida Statutes as claimed below.

| EMPLOYEE: Jaclyn jaffe<br>6902 W Hillsborough Avenue, 330<br>Tampa, FL 33634<br>352-304-0615 | OJCC CASE NO. (required if previously issued): **23-012075BJA** |
|---|---|
| EMPLOYER: ESH Hospitality, Inc<br>5401 Beaumont Center Blvd<br>Tampa, Fl 33634<br>813-243-1913 | CARRIER: Gallagher Bassett Services, Inc.<br>PO Box 2934<br>Clinton, IA 52733<br>--<br>Sompo International<br>11405 North Community House Rd Suite 60<br>Charlotte, NC 28277<br>-- |

**CLAIMANT'S NAME** (if different from the employee):

**EMPLOYEE/CLAIMANT'S ATTORNEY** (if any):  Yuli Kotler
0109505
9800 4th Street North, Suite 200
St. Petersburg, FL 33702
8133559822

| DATE OF ACCIDENT (disablement date if occupational disease): 2/8/2023 | ACCIDENT COUNTY: Hillsborough |
|---|---|
| | ACCIDENT STATE: FL |

**DETAILED DESCRIPTION OF JOB RESPONSIBILITIES:** Check in guests in the Hotel Key system (on an iPad), answer phones, fill linen orders (towels and sheets), laundry, answer guest questions and get them what they need from toilet paper, dishware, cookware, shampoo, soap, and any other duties assigned by management

**SPECIFIC WORK BEING PERFORMED WHEN INJURY OCCURRED:** Helping a guest in the office (daughter of guest who owned the dog the bit me)

**DETAILED DESCRIPTION OF THE ACCIDENT:** I protected the owner's daughter after their dog attacked a pit bull unprovoked after the daughter dropped the leash. I got bit severely after grabbing the dog's leash, and getting chewed on. The owner of the pit did what he could to help.

**PART(S) OF BODY INJURED:** Right forearm and wrist

**CHARACTER OF DISABILITY:** Unable to perform at original capacity

**IS THIS PETITION FOR MEDICAL BENEFITS ONLY:** No

**AWW 13 WEEKS PRECEDING ACCIDENT:**

**CURRENT AWW:**

**CURRENTLY WITH SAME EMPLOYER:** Y

**CURRENT WORK LEVEL:** None Apply

**HAS MMI BEEN REACHED:** N    IF SO, DATE OF MMI:

Jurisdiction: The Judge of Compensation Claims has jurisdiction over the parties and the subject matter of this petition.

Managed care grievance procedures, if required, were exhausted under F.S. §440.192(3). The Grievance was dated:

**Filed May 11, 2023 2:40 PM ET Office of the Judges of Compensation Claims.**

**MONETARY (INDEMNITY) BENEFITS CLAIMED, FLORIDA STATUTES §440.15**

**CLASS OF BENEFIT:** Temporary Total Disability   **Starting Date:** 2/8/2023   **Ending Date:** continuing

**Details:** Authorization for TTD to be paid at the correct AWW to the Claimant, including concurrent earnings, from 2/8/2023 to present and continuing until Claimant reaches overall MMI.

**CLASS OF BENEFIT:** Temporary Partial Disability   **Starting Date:** 2/8/2023   **Ending Date:** continuing

**Details:** Authorization for TPD to be paid at the correct AWW to the Claimant, including concurrent earnings, from 2/8/2023 to present and continuing until Claimant reaches overall MMI.

**MEDICAL AND REHABILITATIVE BENEFITS, FLORIDA STATUTES §440.13**

**CLASS OF BENEFIT:** Authorization of Medical Care/Testing   **SPECIFIC TYPE:** Other

**Details:** Authorization, scheduling and provision of an appointment with an authorized medical provider.

**PENALTIES, INTEREST, COSTS, ATTORNEY'S FEES, OR OTHER CLAIMS**

**CLASS OF BENEFIT:** Compensability

**Details:** Compensability of the Claimant's industrial accident and Claimant's work-related injuries including, but not limited to, Claimant's Right forearm and wrist.

**CLASS OF BENEFIT:** Attorney Fees and/or Costs

**Details:** Payment of attorney's fees and costs by E/C/SA pursuant to Section 440.34, Florida Statute or as otherwise provided by law.

**CLASS OF BENEFIT:** Penalties and/or Interest

**Details:** Payment of penalties and interest including but not limited to postage for certified mail in the amount of $4.05, by E/C/SA pursuant to Section 440.34, Florida Statute or as otherwise provided by law.

DocuSign Envelope ID: E28589F6-B9E7-4FA9-AE67-98920D08260C

**Certificate of Good Faith Effort to Resolve Dispute, Acknowledgement of Fraud Statement, Certificate of Service, and Social Security Number Notice**

The claimant or, if the claimant is represented by counsel, the claimant's attorney, certifies that he or she has made a good faith effort to resolve the dispute and that the claimant or attorney was unable to resolve the dispute with the employer/carrier/servicing agent.

The claimant has read and understands the following: "Any person who, knowingly and with intent to injure, defraud, or deceive any employer or employee, insurance company, or self-insured program, files a statement of claim containing any false or misleading information commits insurance fraud, punishable as provided in s. 817.234." By signing below, the claimant attests that he or she has reviewed, understands, and acknowledges the foregoing notice. In accordance with Florida Statutes § 440.192(1), a copy of this petition for benefits has been served by certified mail on the injured worker's employer and the employer's carrier on _____. A copy of this petition has also been served on the attorney for the employer/carrier if known.

Disclosure of the employee's Social Security Number (SSN) is voluntary. An employee or claimant who does not have or declines to provide the employee's SSN must file a verified motion for assignment of substitute identification number along with the initial Petition for Benefits or Request for Assignment of Case Number in accordance with Fla. Admin. Code 60Q-6.105(4).

The employee's SSN will be used to uniquely identify the employee in the Office of the Judges of Compensation Claims (OJCC) case management system, ascertain a claimant's child support obligations before approving any lump sum settlement, and exchange information between the OJCC and the Division of Workers' Compensation. The employee's SSN may also be used by the employer and carrier named on the Petition for Benefits or Request for Assignment of Case Number to identify the employee.

SSN's are confidential and exempt from public disclosure. It is the express policy of the OJCC to prohibit the disclosure of SSN's by the OJCC or any of its employees, except the SSN will be disclosed by the OJCC for the following reasons: (1) in response to a legitimate inquiry from a state or federal agency in connection with matters within its jurisdiction; (2) if so ordered by a court of competent jurisdiction, pursuant to the terms of such order; and (3) to a commercial entity in response to a request in accordance with §119.071(5)(a)(7), Florida Statutes.

WHEREFORE, claimant requests an order directing the employer to provide the benefits as requested.

| | |
|---|---|
| DocuSigned by: | |
| _____ | _/s/ Yuli Kotler_____ |
| Signature of Claimant          Date | Signature of Counsel for Claimant       Date |

# Exhibit B

# STATE OF FLORIDA
## DIVISION OF ADMINISTRATIVE HEARINGS
## OFFICE OF THE JUDGES OF COMPENSATION CLAIMS

**Jaclyn jaffe,**

      Employee/Claimant,

**v.**

      **OJCC Case No.:** 23-012075BJA

**ESH Hospitality, Inc**

      **Assigned Judge:** Anthony

      Employer,

      **Accident date:** 02/08/2023

**and**

**Sompo America Fire & Marine Insurance**

      Carrier/Servicing Agent.

_____/

## RESPONSE TO PETITION FOR BENEFITS

| **LOST TIME CASE:** Yes | **MEDICAL BENEFITS CASE:** Yes |
|---|---|

**RESPONSE TO EACH BENEFIT REQUESTED:**
(If Denial of Benefit(s) was rescinded, include the initial indemnity start date, disability type, average weekly wage and compensation rate.)
Petition(s) 05/11/2023(1) are covered by this response.
1. The employer/carrier/servicing agent has accepted compensability under the 120 day provision
2. Concentra will be authorized as the primary care physician
3. No medical documentation to support request for indemnity as of yet
4. Reasonable costs associated with the filing of this pfb alone will be reimbursed when properly identified
5. Penalties, interest and attorneys fees not due or owing.

**DENIAL OF BENEFIT WAS RESCINDED ON:**

| **CARRIER:** SOMPO AMERICA FIRE & MARINE INSURANCE | **CARRIER'S CODE:** <br>**CARRIER'S FILE NO.:** 018191-003820-WC-01<br>**DATE PREPARED:** 6/1/2023 |
|---|---|
| **ADJUSTER:** KATY PHOTOPOULOS<br>**TELEPHONE:** 717-610-3569<br>**EMAIL:** KATY_PHOTOPOULOS_SOMPO-INTL@GBTPA.COM | **COPY FURNISHED:**<br>JACLYN JAFFE, 6902 W HILLSBOROUGH AVENUE, #330, TAMPA, FL 33634<br><br>YULI KOTLER, 9800 4TH STREET NORTH, SUITE 200, ST. PETERSBURG, FL 33702<br><br>HUMBERTO VALDES, 1057 MAITLAND CENTER COMMONS BLVD., MAITLAND, FL 32751 |

OJCC Form RPFB (Revised 3-1-2007)

**NOTICE:**  If you do not agree with the employer/carrier's action or you do not understand why you received this information, please contact your adjuster.  For further assistance, please contact the Employee Assistance and Ombudsman Office at (800) 342-1741.

OJCC Form RPFB (Revised 3-1-2007)

# Exhibit C

From: **I.C. System** <DoNotReply@icsystemconsumer.com>
Date: Thu, Jul 27, 2023, 11:00 AM
Subject: Information about your US Acute Care Solutions Account No: 18600758A6385G581
To: Jaclyn Jaffe <JACLYNJAFFE@gmail.com>

I.C. SYSTEM, INC.
PO BOX 64378
SAINT PAUL, MN 55164-0378
844-978-1818: Mon–Fri 8:00 AM – 4:30 PM CT
https://www.icsystem.com/consumer

To:   Jaclyn Jaffe
      16 HOBART GAP RD
      SHORT HILLS, NJ 07078-1803

07/27/2023

I.C. System Reference No: 322451279-1-89
Account No: 18600758A6385G581
Service Location: Adventhealth Westchase Er

I.C. System, Inc. is a debt collector. We are trying to collect a debt that you owe to US Acute Care Solutions. We will use any information you give us to help collect the debt.

## Our information shows:

US Acute Care Solutions, has placed your past due balance for account number 18600758A6385G581 in our office. US Acute Care Solutions is both the original and current creditor to whom this debt is owed.

| | |
|---|---|
| As of 2/10/2023, you owed: | $985.00 |
| Between 2/10/2023 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | − $0.00 |

## How can you dispute the debt?

📞 **Call or write to us by 9/4/2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

🕐 **If you write to us by 9/4/2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at https://www.icsystem.com/consumer.

## What else can you do?

| | |
|---|---|
| Total amount of the debt now: | $985.00 |

✏️ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 9/4/2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at https://www.icsystem.com/consumer.

🏛️ **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

👤 Contact us about your payment options.

❓ Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

Click here to opt out of further emails to this email address.

The name and address of the original creditor is:
US Acute Care Solutions
4535 DRESSLER ROAD NW
CANTON OH 44718

**Notice:** See below for important information

✂️ -------------------------------------------------------------------------------

**Mail this form to:**

IC System, Inc.
P.O. BOX 64378
SAINT PAUL, MN 55164-0378

Toll-Free 844-978-1818

Jaclyn Jaffe
16 HOBART GAP RD
SHORT HILLS, NJ 07078-1803

**How do you want to respond?**

*Check all that apply:*

☐ **I want to dispute the debt at** https://www.icsystem.com/consumer.

☐ **I want to dispute the debt because I think:**

    ☐ This is not my debt.

    ☐ The amount is wrong.

    ☐ Other (Please include additional information).

■ **The name and address of the original creditor is provided in the notice above.**

☐ **Make payment at** https://pay.icsystem.com

☐ **I enclosed this amount:** $ _____

Make your check payable to I.C. System, Inc. Include the reference number: 322451279-1-89

☐ **Quiero este formulario en español.**

0510000009850032245127900189 0101



This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

This collection agency is licensed by the Minnesota Department of Commerce.
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.
North Carolina Permit/Company Nos. 20/119498225 and 4476/119501033.
I.C. System, Inc.|301 Sand Lake Road, Onalaska, WI 54650-2767

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul, MN 55164-0378

Notice: This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide the services for which you are receiving the information.

© Copyright 2014 | I.C. System, Inc. ALL RIGHTS RESERVED.

If you no longer want to receive these emails,
click here to unsubscribe.

Filing # 210704796 E-Filed 11/12/2024 10:13:05 AM

**IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No. COCE-24-032842

JACLYN JAFFE,

     **Plaintiff,**

v.

IC SYSTEM INC,

     **Defendant.**

_____/

**NOTICE OF DEPOSITION**

     Plaintiff Jaclyn Jaffe, will take the deposition by way of oral examination of the person and/or persons that IC System Inc ("Defendant") designates as the person and/or persons most knowledgeable and prepared to testify on behalf of Defendant regarding the following topics: [1] The facts and circumstances surrounding each allegation in the operative Complaint; [2] Each letter Defendant sent to Florida consumers prior to the commencement of the above-captioned matter, wherein Defendant sought to collect a debt that arose from said consumer's treatment of a work-place injury; and [3] Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the collection letter identified in the operative Complaint, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FDCPA as alleged by Plaintiff.

Page **1** of **2**

The date, time, and location of the above-identified deposition is as follows:

DATE:                12/19/2024

TIME:                10:00 AM (EST)

LOCATION:

Join Zoom Meeting
https://us06web.zoom.us/j/82363744594?pwd=9aoBeTcK5XVts38no6kuibMc
egKlV4.1

Meeting ID: 823 6374 4594
Passcode: 634220

This deposition will be video recorded as well as by stenographic means before a notary public authorized to administer oaths in the State of Florida. The deposition will continue from day to day until completed.

DATED: November 12, 2024

                                    /s/ Thomas J. Patti
                                    **THOMAS PATTI, ESQ.**
                                    Florida Bar No. 118377
                                    E-mail:    Tom@pzlg.legal
                                    **VICTOR ZABALETA, ESQ.**
                                    Florida Bar No. 118517
                                    E-mail:    Victor@pzlg.legal
                                    PATTI ZABALETA LAW GROUP
                                    110 SE 6th Street, 17th Floor
                                    Fort Lauderdale, Florida 33301
                                    Phone:     561-542-8550

                                    *COUNSEL FOR PLAINTIFF*

Filing # 214169797 E-Filed 01/08/2025 02:28:30 PM

IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY FLORIDA
CASE NO.: COCE-24-032842
DIVISION: 100

JACLYN JAFFE,

        Plaintiff,

v.

IC SYSTEM, INC.,

        Defendant.

## NOTICE OF HEARING FOR DEFENDANT'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

        PLEASE TAKE NOTICE that a Zoom Hearing regarding *Defendant's Motion to Dismiss for Lack of Jurisdiction* has been set for **Wednesday, January 29, 2025, at 9:30 AM(EST)** in the 17th Judicial Circuit Court of Broward County, Florida. The Zoom link is below:

https://17thflcourts.zoom.us/j/85695743585

Dated: January 8, 2025

        Respectfully submitted,

        By: */s/Dale T. Golden*
        Dale T. Golden, Esq.
        dgolden@mgl.law
        Florida Bar No.: 94080
        **MARTIN GOLDEN LYONS WATTS MORGAN PLLC**
        410 Ware Boulevard
        Suite 806
        Tampa, Florida 33619
        Main Line: (813) 251-3632

        *COUNSEL FOR DEFENDANT*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 01/08/2025 02:28:30 PM.****

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the preceding document has been forwarded via **the ECF system, Email, and/or CMRRR** to all parties entitled to notice on the 8th day of January 2025.

/s/Dale T. Golden
Dale T. Golden, Esq.
Florida Bar No. 94080

Filing # 215508972 E-Filed 01/28/2025 02:42:02 PM

IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY FLORIDA
CASE NO.: COCE-24-032842
DIVISION: 100

JACLYN JAFFE
  Plaintiff,

vs.

IC SYSTEM, INC.,

   Defendant,
_____/

### AMENDED NOTICE OF HEARING ON
### MOTION TO DISMISS FOR LACK OF JURISDICTION

PLEASE TAKE NOTICE that a Zoom Hearing on *Defendant's Motion to Dismiss for Lack of Jurisdiction* has been set for **Wednesday, January 29, 2025, at 9:00 AM(EST)** in the 17th Judicial Circuit Court of Broward County, Florida.

The Zoom link is below:

https://17thflcourts.zoom.us/j/85695743585

Dated January 28, 2025   Respectfully submitted,

       By:*/s/Dale T. Golden*
       Dale T. Golden, Esq.
       dgolden@mgl.law
       Florida Bar No.: 94080
       MARTIN GOLDEN LYONS
       WATTS MORGAN PLLC
       410 Ware Boulevard
       Suite 806
       Tampa, Florida 33619
       Main Line: (813) 251-3632
       COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the preceding document has been forwarded via **the ECF system, Email, and/or CMRRR** to all parties entitled to notice on the 28th day of January 2025.

/s/Dale T. Golden
Dale T. Golden, Esq.
Florida Bar No. 94080

2

Filing # 215644486 E-Filed 01/29/2025 09:00:29 PM

### IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **COCE24032842**   DIVISION: **100**   JUDGE: **Powell, Jackie (100)**

**Jaclyn Jaffe**

Plaintiff(s) / Petitioner(s)

v.

**IC System Inc**

Defendant(s) / Respondent(s)

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF
### JURISDICTION WITH LEAVE TO AMEND

THIS CAUSE came on to be heard on Defendant's Motion to Dismiss for Lack of Jurisdiction and the Court having reviewed the motion, heard argument, reviewed the record and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that Defendant's Motion is **Granted.  It is further Ordered that** Plaintiff's motion for leave to amend is **GRANTED**. Plaintiff shall amend her Complaint within 20 days of this Order.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 29th day of January, 2025.

COCE24032842 01-29-2025 12:38 PM

COCE24032842 01-29-2025 12:38 PM
Hon. Jackie Powell
**COUNTY COURT JUDGE**
Electronically Signed by Jackie Powell

Copies Furnished To:
Brad Ryser , E-mail : Brad@PZLG.Legal
Bryon Young , E-mail : Bryon@pzlg.legal
Dale T. Golden , E-mail : dgolden@mgl.law
Dale T. Golden , E-mail : CMcHale@mgl.law
Dale T. Golden , E-mail : legalassisstant@gapfirm.law
Federico Martinez , E-mail : federico@pzlg.legal

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 01/29/2025 09:00:29 PM.****

Maribel Cancino , E-mail : maribel@pzlg.legal
Oneeb Rehman , E-mail : Oneeb@pzlg.legal
Seema Thadhani , E-mail : seema@pzlg.legal
Tiffany Wallace , E-mail : twallace@mgl.law
Victor Zabaleta , E-mail : Tom@PZLG.Legal
Victor Zabaleta , E-mail : Victor@PZLG.Legal

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

Case Number: COCE-24-032842 Division: 100

Filing # 199317281 E-Filed 05/28/2024 05:53:54 PM

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**Case No.**

JACLYN JAFFE,

     **Plaintiff,**

v.

IC SYSTEM INC,

     **Defendant.**

_____/

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

    Plaintiff Jaclyn Jaffe propounds the following discovery requests on Defendant IC System Inc. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

    The responses to these discovery requests must be sent *via* e-mail to: **Thomas Patti, Esq.**, at tom@pzlg.legal and **Victor Zabaleta, Esq.**, at victor@pzlg.legal.

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 28, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                   /s/ Thomas J. Patti
                **THOMAS J. PATTI, ESQ.**
                Florida Bar No. 118377
                E-mail:   tom@pzlg.legal
                Phone:   561-542-8550

                *COUNSEL FOR PLAINTIFF*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/28/2024 05:53:50 PM.****

## INTERROGATORIES

1.  Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

    **Response**:


2.  Identify by name and contact information the entity and/or vendor used by Defendant to send, prepare, draft, compile, and/or otherwise transmit the Collection Letter to Plaintiff. An example of such an entity and/or vendor is CompuMail, Inc.

    **Response**:


3.  Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

    **Response**:


4.  Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

    **Response**:


5.  Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FCCPA and/or FDCPA as alleged by Plaintiff.

    **Response**:

6.  Identify by date, name, and contact information, each individual and/or entity that Defendant contacted, or that contacted Defendant, regarding the payment of any bills, invoices, statements, receipts, or otherwise collection statements, for services rendered to Plaintiff in connection with the alleged work-place injury sustained by Plaintiff. For example, this request seeks, among other things, the date, name, and contact information, of each representative of the applicable workers' compensation insurance carrier that Defendant contacted, or that contacted Defendant, with respect to [1] the submission of bills pursuant to Florida's Department of Insurance and Department of Administrative Hearing requirements and/or [2] the corresponding standards for payment in accordance with the Florida Workers' Compensation fee schedule.

**Response**:


[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

1. Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

2. Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

3. Copy of the template used to prepare the Collection Letter.

4. Copies of invoices and/or receipts involving or reflecting services that were either paid by, or rendered to, Defendant within the last two (2) years.

5. Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

6. A copy of the records specified by Rule 69V-180.080(1) that Defendant is required to maintain, and keep up to date within one week of the current date.

7. A copy of the records specified by Rule 69V-180.080(2) that Defendant is required to maintain, and keep up to date within one week of the current date.

8. A copy of the records specified by Rule 69V-180.080(3) that Defendant is required to maintain, and keep up to date within one week of the current date.

9. A copy of the records specified by Rule 69V-180.080(4) that Defendant is required to maintain, and keep up to date within one week of the current date.

10. A copy of the records specified by Rule 69V-180.080(5) that Defendant is required to maintain, and keep up to date within one week of the current date.

11. A copy of the records specified by Rule 69V-180.080(6) that Defendant is required to maintain, and keep up to date within one week of the current date.

12. A copy of the records specified by Rule 69V-180.080(7) that Defendant is required to maintain, and keep up to date within one week of the current date.

13. A copy of the records specified by Rule 69V-180.080(8) that Defendant is required to maintain, and keep up to date within one week of the current date.

14. A copy of the records specified by Rule 69V-180.080(9) that Defendant is required to maintain, and keep up to date within one week of the current date.

15.   A copy of the records specified by Rule 69V-180.080(10) that Defendant is required to maintain, and keep up to date within one week of the current date.

16.   A copy of the records specified by Rule 69V-180.080(11) that Defendant is required to maintain, and keep up to date within one week of the current date.

17.   A copy of the "written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer" required by Rule 69V-180.090(2).

18.   A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

19.   Copies of the documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

20.   Copies of the documents that Defendant was asked to identify in response to Plaintiff's interrogatories.

21.   Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## REQUESTS FOR ADMISSION

*Please admit or deny the following*:

1.   Admit that the Collection Letter is a true and correct copy of a document Defendant sent to Plaintiff.

2.   Admit that the Collection Letter is a communication in connection with the collection of a debt.

3.   Admit that Defendant is a "consumer collection agency" as defined by the FCCPA.

4.   Admit that Defendant is actively registered as a consumer collection agency with the Florida Office of Financial Regulation.

5.   Admit that Defendant maintains all records specified by Rule 69V-180.080, Florida Administrative Code.

6.   Admit that all records maintained by Defendant, as specified by Rule 69V-180.080, Florida Administrative Code, are current to within one week of the current date.

7.   Admit that the Debt is a "consumer debt" as defined by the FDCPA;

8.   Admit that Defendant is a "debt collector" as defined by of the FDCPA.

9.   Admit that Defendant engaged in collection activity by sending the Collection Letter to Plaintiff.

10.  Admit that you attempted to collect a financial obligation from Plaintiff within the last year.

11.  Admit that you attempted to collect a financial obligation from Plaintiff within the last year that was incurred primarily for personal, family, or household purposes.

12.  Admit that you regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

■

SEAL OF NOTARY

## APPENDIX "A" – DEFINITIONS

(1)     "Action" shall mean the above captioned matter.

(2)     "Any," "All," and "each" shall be construed as any, all and each.

(3)     "And" shall mean and/or.

(4)     "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or  in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge  upon, or impact the subject matter of the request;

(5)     "Complaint" means the operative Complaint filed in the above captioned action.

(6)     "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7)     "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)     "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Rules.

(11)   "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)   "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)   "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)   "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)   "Or" shall mean and/or.

(16)   "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)   "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)   "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)   "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on the date of these requests.

(20)   "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)   The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(22)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

Filing # 199628417 E-Filed 05/31/2024 05:43:08 PM

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### Case No.  COCE-24-032842

**JACLYN JAFFE,**

     Plaintiff,

v.                                 **CIVIL ACTION SUMMONS**

**IC SYSTEM INC,**

     Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

IC System Inc
c/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

     Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 110 SE 6th Street Suite 1732 Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____JUN 03 2024_____

                             Brenda D. Forman Clerk of the Circuit Court

                             By: _____

                             As Deputy Clerk

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/31/2024 05:43:05 PM.****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Filing # 204269110 E-Filed 08/07/2024 07:03:06 PM

**ALL PARTIES MUST READ CAREFULLY**
**STRICT COMPLIANCE IS MANDATORY**

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA

**Jaclyn Jaffe**                                         CASE NO.: <u>COCE24032842</u>
Plaintiff,                                              JUDGE: <u>Powell, Jackie (100)</u>

                                                        **UNIFORM ORDER SETTING**
                                                        **PRETRIAL DEADLINES AND**
v.                                                      **RELATED REQUIREMENTS**
                                                        **(GENERAL COUNTY CIVIL**
                                                        **CASE)**

**IC System Inc**
Defendant,

_____/

**([ ] Applicable if checked): PRETRIAL CONFERENCE:**

**([ ] Applicable if checked): CALENDAR CALL:**

(If not checked, dates will be provided at a later time.)

PROJECTED DATE OF TRIAL: **11-03-2025 to 11-28-2025**

*NOTE: A firm trial date will be issued when the case is at issue pursuant to Rule 1.400, Fla.R.Civ. P.*

NO CONTINUANCES will be granted without Court Order upon prior written motion setting forth extraordinary cause supported by client's written consent as required by Rule 2.545(e).

**BY ORDER OF THE COURT the following requirements are imposed on all parties:**

1.      REQUIREMENTS OF PRETRIAL ORDER CANNOT BE WAIVED BY STIPULATION.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/07/2024 07:03:06 PM.****

2.    DISCOVERY must be served and completed no later than <u>240</u> days from the date of this Order.

3.    EXPERT WITNESSES names and addresses shall be disclosed by the Plaintiff no later than <u>180</u> days from the date of this Order and by Defendant no later than <u>190</u> days from the date of this Order. No continuances will be granted because expert witnesses are unavailable for trial, because their testimony may be preserved by deposition.

4.    MOTIONS AND OBJECTIONS directed to the pleadings, including Motions to Dismiss, shall be resolved no later than <u>75</u> days from the date of this Order, or they shall be deemed waived or abandoned without further notice or hearing unless not timely resolved for good cause shown. Matters constituting good cause shall be limited to those matters unforeseen upon exercise of due diligence. Attorney workload and staffing issues, standing alone, shall not constitute grounds for a claim of good cause.

## PRETRIAL STIPULATION REQUIREMENTS

5.    A JOINT PRETRIAL STIPULATION must be filed (**[ X ]** and, if checked, a copy delivered to the Court) by all   counsel of record no later than <u>250</u> days from the date of this Order. THE COURT DOES NOT ACCEPT UNILATERAL PRETRIAL STIPULATIONS.  It is the responsibility of <u>all</u> parties to cooperate in good faith in preparation of the Joint Pretrial Stipulation. FAILURE TO COMPLY WITH THIS REQUIREMENT WILL RESULT IN SANCTIONS. Any Unilateral Pretrial Stipulation filed will be *sua sponte* STRICKEN and sanctions imposed on the party filing it. Failure to file a complete Joint Pretrial Stipulation, including witness lists, exhibit lists, jury instructions and verdict forms (if a jury trial has been timely demanded), will result in postponement of the trial, and/or sanctions including dismissal and/or default. If either party delays the preparation of the Joint Stipulation, a motion describing the delay must be immediately filed with the Clerk of Court and brought to the Court's attention prior to the deadline.

The Stipulation must be **a single, unified submission** and must contain the following information in separately numbered paragraphs or sections:

   a. Concise, impartial statement of the facts of case

b. List of any stipulated facts requiring no proof at trial.

c. Statement of disputed issues of law and fact to be tried.

d. Exhibits shall be listed by number and specific description on a separate schedule attached to the stipulation. Generic descriptions of exhibits will be stricken. Any evidentiary objections to any exhibit of an opposing party shall be delineated with specificity.

e. Witnesses', including "rebuttal" or "impeachment" witnesses, names and addresses shall be listed by name numerically on a separate schedule attached to the stipulation.   Witnesses MUST be listed by actual NAME of the witness, and not designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," and "Adjuster" standing alone is insufficient). All expert witnesses shall be so designated.   Only those witnesses listed by NAME shall be permitted to testify at trial.

f. Agreed jury instructions and disputed jury instructions must be filed as part of the pretrial stipulation if a jury trial has been timely demanded.   Disputed instructions shall be identified as to the party that proposed the instruction ( [ **X** ] and, if checked, copies of any statutory citations and/or case law pertaining to the proposed instructions).

g. Agreed verdict form or disputed verdict forms must be filed as part of the pretrial stipulation if a jury trial has been timely demanded.

6.    Failure to file a <u>complete</u> <u>unified</u> Pretrial Stipulation, including jury instructions and verdict forms if a jury trial has been timely demanded, will result in sanctions including dismissal and/or default.

7.    At trial the parties shall be **STRICTLY LIMITED** to exhibits and witnesses disclosed and objections reserved in the pretrial stipulation. A party desiring to use an exhibit, examination or test result, or witness discovered after the deadlines set forth in this Order must immediately, upon discovery, notify all other counsel and the Court by written motion. Use of the exhibit, examination or test result, or witness may be allowed for extraordinary cause shown or to

Case Number: COCE24032842

prevent manifest injustice.

## MEDIATION AND ARBITRATION

8.    **([ ] Applicable if checked):** MEDIATION: Simultaneously herewith, the parties are being referred to mandatory mediation, which shall be completed within 270 days of the date of this Order.

9.    **([ ] Applicable if checked):** ARBITRATION: Simultaneously herewith, the parties are being referred to mandatory non-binding arbitration, which shall be completed within 275 days of the date of this Order.

10.   FAILURE TO MEDIATE OR ARBITRATE IN GOOD FAITH OR TO ATTEND THE PRETRIAL CONFERENCE MAY RESULT IN DISMISSAL OR DEFAULT.

## REQUIREMENTS RELATED TO PRETRIAL CONFERENCE

IF A PRETRIAL CONFERENCE DATE HAS BEEN SET IN THIS ORDER ABOVE, OR IF THIS BOX [ X ] IS CHECKED, THE FOLLOWING PROVISIONS WILL APPLY:

11.   MOTIONS FOR SUMMARY JUDGMENT will NOT be heard at the pretrial conference or at the time of trial**([ X ]** but, if checked, must be heard no later than ten (10) days prior to the pretrial conference.)

12.   **([ X ] Applicable if checked):** Prior to the pretrial conference, the Court must have ruled on all motions previously filed, with the exception of motions in limine. In the absence of good cause for failure to set such motion for hearing, the Court may deem the motion waived or abandoned without further notice or hearing.

13.   Motions in Limine must be heard at least five (5) days prior to the date of trial. All other pretrial motions, other than *Daubert* motions, shall be resolved no later than 10 days prior to the date of trial (unless required to be heard earlier

by any other provision of this Order) or they shall be deemed waived or abandoned without further notice or hearing unless not timely resolved for good cause shown. Matters constituting good cause shall be limited to those matters unforeseen upon exercise of due diligence. Attorney workload and staffing issues, standing alone, shall not constitute grounds for a claim of good cause.

14.   ALL *DAUBERT* related issues (Fla. Stat. §90.702) shall be noticed and heard – or agreed to by the parties – no later than two weeks before the pretrial conference. FAILURE TO DO SO SHALL CONSTITUTE A WAIVER AT TRIAL OR ANY *DAUBERT* RELATED EVIDENCE OBJECTION OR ISSUE.

15.   ALL EXHIBITS MUST BE BROUGHT TO THE PRE-TRIAL CONFERENCE FOR PRE-MARKING. Any exhibit either party desires to use at trial exceeding four (4) pages in length must be consecutively paginated (by Bates-stamp method or otherwise). Any exhibit not meeting this requirement will not be allowed for use at trial.

16.   At the time of the pretrial conference, the parties shall further be prepared to discuss all the items set forth in Fla. R. Civ. P. 1.200(b).

**DONE AND ORDERED** in chambers at Broward County, Florida on   08-07-2024 .

COCE24032842 08-07-2024 7:03 PM

COCE24032842 08-07-2024 7:03 PM
COUNTY COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Copies furnished:
Brad Ryser, Email : Brad@PZLG.Legal
Bryon Young, Email : Bryon@pzlg.legal
Dale T. Golden, Email : dgolden@mgl.law
Dale T. Golden, Email : ldonovan@gapfirm.law
Dale T. Golden, Email : CMcHale@mgl.law
Federico Martinez, Email : federico@pzlg.legal
Maribel Cancino, Email : maribel@pzlg.legal
Oneeb Rehman, Email : Oneeb@pzlg.legal
Seema Thadhani, Email : seema@pzlg.legal
Thomas J. Patti, Esq., Email : tom@pzlg.legal
Victor Zabaleta, Email : Tom@PZLG.Legal
Victor Zabaleta, Email : Victor@PZLG.Legal