IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:25-cv-60214-AHS

**JACLYN JAFFE,**

    Plaintiff,

vs.

**I.C. SYSTEM, INC.**

    Defendant.

_____/

**DEFENDANT'S MOTION FOR RECONSIDERATION OF
STATE COURT ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF JURISDICTION WITH LEAVE TO AMEND**

By:

Dale T. Golden, Esq.
**MARTIN GOLDEN LYONS WATTS MORGAN PLLC**

## Table of Contents

                                                                                                               Page

I. Introduction ............................................................................................................ 1

II. The State Court Proceedings ................................................................................. 1

III. Standard of Review ................................................................................................ 3

IV. Argument ..................................................................................................................

      a) In Florida state court, like in federal court, the initiating complaint must contain sufficient allegations of injury to create subject matter jurisdiction…………………..3

      b) After finding it lacked jurisdiction, the State Court committed clear error by granting the Plaintiff leave to amend the complaint solely to add facts designed to create jurisdiction…………………………………………………..7

V. Conclusion ................................................................................…................................10

# **TABLE OF AUTHORITIES**

Page

*Benestad v. Johnson & Johnson & Ethicon, Inc.*,
　2022 U.S. Dist. LEXIS 185024, at *3 (S.D. Fla. Oct. 4, 2022) (J. Singhal) ............................... 3

*Ex parte McCardle,*
　74 U.S. 506 (1869). ...................................................................................................................8

*Cmty. Power Network Corp. v. JEA*,
　327 So. 3d 412, 415 (Fla. 1st DCA 2021) .................................................................................5

*Dep't of Revenue v. Kuhnlein*,
　646 So. 2d 717, 720 (Fla. 1994)................................................................................................ 4

*Giuffre v. Edwards*,
　226 So. 3d 1034, 1039 (Fla. 4th DCA 2017)............................................................................. 5

*Granny Goose Foods, Inc. v. Teamsters*,
　415 U.S. 423, 437, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).....................................................3

*Grupo Dataflux vs. Atlas Glob. Grp., L.P.*,
　541 U.S. 567, 570-71 (2004) ..................................................................................................... 7

*Holladay v. Allen*,
　555 F.3d 1346, 1354 (11th Cir. 2009). ..................................................................................... 3

*Maseda v. Honda Motor Co., LTD.*,
　861 F.2d 1248, 1252 (11th Cir. 1988........................................................................................ 3

*Mollan v. Torrance*,
　22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824) .............................................................. 7

*Ricci v. Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC*,
　276 So. 3d 5, 8-9 (Fla. 4th DCA 2019)..................................................................................... 9

*Shands Jacksonville Med. Ctr., Inc. v. Chavez*,
　2024 Fla. App. LEXIS 9612, *60 (Fla. 1st DCA 2024) ............................................................ 9

*Skipper v. Schumacker,*
　118 Fla. 867, 872, 160 So. 357, 359 (Fla. 1933) ...................................................................... 9

*Southam v. Red Wing Shoe Co.*,
  343 So. 3d 106, 110 (Fla. 4th DCA 2022) .................................................................................. 4

*State v J.P.*
  907 So. 2d 1101, 1113 (Fla. 2004) ............................................................................................. 4

*Tananta v. Cruise Ships Catering & Servs. Int'l., N.V.*,
  909 So. 2d 874 (Fla. 3d DCA 2004) .......................................................................................... 4

*Wright v. Dougherty Cty.*,
  358 F.3d 1352, 1356 (11th Cir. 2004) ....................................................................................... 8

I.     **Introduction**

Florida courts, like their federal counterparts, must dismiss cases when jurisdiction is lacking. Before removal, the state court ruled that Plaintiff's Complaint failed to allege an injury-in-fact sufficient to create subject matter jurisdiction. But rather than dismiss the case, the court impermissibly granted Plaintiff leave to amend the Complaint to create jurisdiction after-the-fact. This court should vacate the erroneous state court Order and dismiss the case without prejudice.

II.     **The State Court Proceedings**

On May 28, 2024, Plaintiff filed her Complaint in Florida State Court (the "State Court") alleging that Defendant violated the federal Fair Debt Collection Practices Act ("FDCPA") by attempting to collect an alleged debt. *See* Doc. 1-1, pp. 4 – 14. More specifically, the Complaint claimed: "On a date better known to Defendant, Defendant sent a collection letter, internally dated July 237, 2023 [sic], to Plaintiff … in an attempt to collect the Consumer Debt." *Ibid.* at p. 7, ¶ 28. While the Complaint sought "actual damages," it didn't claim that Plaintiff suffered an injury caused by the collection letter. *Ibid.*, *generally*. It, in fact, contained no factual allegation of "injury" period. *Ibid.*

Defendant filed an Answer and Affirmative Defenses (*Ibid.* at pp. 15 – 21), and thereafter, a Motion to Dismiss for Lack of Jurisdiction citing the absence of

injury allegations in the Complaint. *Ibid.* at pp. 22 – 34. In an ill-fated attempt to ward off Defendant's jurisdictional attack, Plaintiff—without seeking leave of court as required by Florida law—filed a First Amended Complaint. *Ibid.* at pp. 46 – 64. In that putative pleading, Plaintiff inserted factual allegations of injury, including claims that she "lost … sleep" and "wasted" time due to Defendant's allegedly unlawful actions. *Ibid.* at p. 51, ¶¶ 43, 44.

In a transparent attempt to seek forgiveness instead of permission, Plaintiff then belatedly filed a Motion for Leave to Amend. *Ibid.* at pp. 65 – 89. Plaintiff admitted her reason for filing the Motion for Leave to Amend was "to offer allegations which support that Plaintiff has standing to hold Defendant accountable for violations of the Fair Debt Collection Practices Act." *Ibid.* at p. 66, ¶ 5.

On January 8, 2025, Defendant noticed its Motion to Dismiss for Lack of Jurisdiction for hearing before on January 29, 2025. *Ibid.* at p. 92 – 93. After hearing arguments from both parties, the Honorable Jackie Powell entered an Order granting Defendant's Motion to Dismiss for Lack of Jurisdiction thereby establishing subject matter jurisdiction was lacking. *Ibid.* at pp. 96 – 97. But despite finding the court lacked jurisdiction, Judge Powell granted the Plaintiff's Motion for Leave to Amend in the same Order. *Ibid.*

On February 7, 2025, Defendant timely removed the case within days of the Plaintiff's Amended Complaint having been filed. *See* Doc. 1.

### III.     Standard of Review.

A federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court before removal. *Maseda v. Honda Motor Co., LTD.*, 861 F.2d 1248, 1252 (11th Cir. 1988) (*citing Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). This Court can therefore reconsider, modify, or affirm the State Court's Order dismissing the case for wont of subject matter jurisdiction yet granting the Plaintiff relief in the form of leave to file an amended complaint to cure the jurisdictional defect. *Maseda*, supra at 1252.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Benestad v. Johnson & Johnson & Ethicon, Inc.*, 2022 U.S. Dist. LEXIS 185024, at *3 (S.D. Fla. Oct. 4, 2022) (J. Singhal) (internal citations and quotations omitted). "Clear error" exists if the court is "left with the definite and firm conviction that a mistake has been committed." *See Holladay v. Allen*, 555 F.3d 1346, 1354 (11th Cir. 2009).

### IV.     Argument

a) **In Florida state court, like in federal court, the initiating complaint must contain sufficient allegations of injury to create subject matter jurisdiction.**

Florida courts are generally considered "tribunals of plenary jurisdiction." *Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 720 (Fla. 1994). "While the Florida Constitution guarantees . . . access to our courts for redress of injuries, [citation omitted] that right has never been understood as a limitless warrant to bring the worlds [sic] litigation here." *Tananta v. Cruise Ships Catering & Servs. Int'l., N.V.*, 909 So. 2d 874, 888 (Fla. 3d DCA 2004) (citation omitted) (alteration in original). Thus, "except as otherwise required by the constitution, Florida recognizes a general standing requirement in the sense that every case must involve a real controversy as to the issue or issues presented." *Kuhnlein*, 646 So. 2d at 720.

In *State v J.P.*, the Florida Supreme Court ruled three requirements constitute the irreducible constitutional minimum for jurisdictional standing:

- a plaintiff must demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent;

- a plaintiff must establish a causal connection between the injury and the conduct complained of; and

- a plaintiff must show a substantial likelihood that the requested relief will remedy the alleged injury in fact.

*Id.,* 907 So. 2d 1101, 1113 (citations omitted).

Because of the similar "injury in fact" requirements of both Florida and federal subject matter jurisdiction, Florida state courts have often relied on federal case law when reviewing jurisdictional challenges. In *Southam v. Red Wing Shoe*, for example, the Florida Fourth District Court of Appeal dismissed a class action

lawsuit filed by a plaintiff alleging that a defendant violated the federal Fair and Accurate Credit Reporting Transactions Act (FACTA). *Id.*, 343 So. 3d 106, 107 (Fla. 4th DCA 2022). The plaintiff there claimed that the defendant violated FACTA by printing all ten digits of his credit card number on his purchase receipt. *Id.*

The defendant moved to dismiss arguing that the plaintiff "did not have standing to bring the action because he had not suffered a concrete or actual injury." *Id.* at 108. The plaintiff argued that "a FACTA violation without resulting harm enables him to sue for statutory damages." *Id*. at 110. But the court rejected that argument opining: "a purely illegal action in the absence of resulting harm does not confer standing on an individual." *Id*.

In affirming the trial court's dismissal of the case, the Fourth District noted that other Florida courts had "cited with approval and utilized" the Florida Supreme Court's ruling in *State v J.P.* to analyze standing. *Id.* at 109, *citing Giuffre v. Edwards*, 226 So. 3d 1034, 1039 (Fla. 4th DCA 2017); *Cmty. Power Network Corp. v. JEA*, 327 So. 3d 412, 415 (Fla. 1st DCA 2021). The court added that, in Florida, "like in federal court, standing … exists if a party alleges an actual or legal injury." *Id.* (internal citations omitted). Applying the analysis of the Florida Supreme Court in *State v. J.P.*, the *Southam* court held that for a plaintiff to have

standing and vest the court with jurisdiction, the alleged injury must be "'concrete,' 'distinct and palpable,' and 'actual or imminent.'" *Id.* at 110.

The court determined that when reviewing the jurisdictional issue, "federal case law as to standing is persuasive." *Id.* at 111. It then detailed jurisdictional rulings from various federal court in cases involving statutory claims, including the United State Supreme Court's ruling in *Spokeo v. Robins*, a case involving claims under the Fair Credit Reporting Act, in which the Court held that "'a bare procedural violation, divorced from any concrete harm,' did not confer standing." *Id.* at *111. The Fourth District also cited the Supreme Court's 2021 ruling in *Trans Union v. Ramirez*, in which the Court "concluded that 'only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation.'" *Id.*

Particularly persuasive to the court in *Southam* was the Federal Eleventh Circuit Court of Appeals' 2020 ruling in *Muransky v. Godiva Chocolatier*, a class action also alleging violations of the FACTA. In that case, the Eleventh Circuit held that "a party does not have standing to sue when it pleads only the bare violation of a statute." *Id.*, 979 F.3d 917, 920 (11th Cir. 2020). The *Southam* court found the case before it indistinguishable from *Muransky*, and determined the court's ruling in that case was "persuasive [and] aligns with our holding that

appellant has not shown a concrete injury sufficient for standing." *See Southam*, 343 So.3d at 111.

Here, the Plaintiff didn't dispute Defendant's claim in State Court that the initial Complaint failed to allege sufficient facts of injury to create jurisdiction. She instead conceded the jurisdictional argument and requested leave to file an amended complaint designed specifically to cure the admitted jurisdictional defect.

**b) After finding it lacked jurisdiction, the State Court committed clear error by granting the Plaintiff leave to amend the complaint solely to add facts designed to create jurisdiction.**

More than 200 years ago, Chief Justice Marshall instructed "that the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824). As the Supreme Court recognized 180 years after Justice Marshall's initial pronouncement:

> This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction…against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

*Grupo Dataflux vs. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

Here, the State Court affirmatively determined it lacked jurisdiction by granting Defendant's Motion to Dismiss on the basis that the original Complaint

failed to allege facts showing that the Plaintiff suffered a concrete injury due to the Defendant's allegedly illegal acts. But instead of appropriately dismissing the case as required by Florida law, the court impermissibly granted the Plaintiff leave to amend the Complaint solely for purpose of creating jurisdiction after-the-fact.

The law is clear. Because the Plaintiff "lack[ed] standing to bring a claim the [the Plaintiff] also lack[ed] standing to amend the complaint." *See Wright v. Dougherty Cty.*, 358 F.3d 1352, 1356 (11th Cir. 2004). The portion of the order granting leave to amend was therefore void *ab initio* since it was entered without jurisdiction. *See Ricci*, 276 So. 3d at 8-9.

In *Steel v. Citizens for a Better Env't*, the U.S. Supreme Court reiterated the indispensable importance of subject matter jurisdiction, echoing its 1868 ruling in another case, holding:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

*Id.*, 523 U.S. 83, 94 (1998), *citing Ex parte McCardle,* 74 U.S. 506 (1869).

To be sure, the Court rejected the idea that a court could "resolve contested questions of law when its jurisdiction is in doubt." *Id.*, 118 S. Ct. at 1016. Rulings based on assumed jurisdiction, according to the Court, "come to the same thing as an advisory opinion, disapproved by this Court from the beginning." *Id.*

In Florida, it is equally clear that courts are powerless to act in the absence of jurisdiction since a "lack of subject matter jurisdiction makes an order void." *Ricci v. Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC*, 276 So. 3d 5, 8-9 (Fla. 4th DCA 2019); *see also Skipper v. Schumacker,* 118 Fla. 867, 872, 160 So. 357, 359 (Fla. 1933) ("judgment appealed from was void for want of jurisdiction.")

With respect to statutory causes of action, recent Florida rulings have made clear that if a complaint fails to "allege some threatened or actual injury resulting from the putatively illegal action [the plaintiff] cannot bring [] suit." *Southam v. Red Wing Shoe Co*., 343 So. 3d 106, 110 (Fla. 4th DCA 2022). And consistent with federal rulings on the impact of jurisdictional infirmities, the Florida First District Court of Appeal recently emphasized that the in the absence of an "injury-in-fact," the court "must dismiss" the case for wont of jurisdiction. *See Shands Jacksonville Med. Ctr., Inc. v. Chavez,* 2024 Fla. App. LEXIS 9612, *60 (Fla. 1st DCA 2024).

Here, the State Court found jurisdiction lacking, but didn't dismiss the case. That was clear error. Applying the reasoned rationale of both Florida appellate courts and the United States Supreme Court, the State Court's Order granting leave to amend *after* determining jurisdiction was lacking renders the portion of the Order granting leave to amend "the same thing as an advisory opinion." *Id.* This court should therefore issue an order vacating the State Court's January 29, 2025 Order to the extent it granted the Plaintiff's motion for leave to amend.

## V.     Conclusion

Subject matter jurisdiction is the electrical current that provides courts the power to rule. Where, as here, the complaint fails to contain sufficient factual allegations of injury, the court is left without power to do anything other than announce that fact and dismiss the case. The State Court committed clear error by finding it lacked jurisdiction yet granting Plaintiff leave to create jurisdiction after-the-fact.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned counsel hereby affirms that he conferred by telephone with Plaintiff's counsel regarding the relief sought in this Motion but was unable to resolve the issue.

/s/*Dale T. Golden*
Dale T. Golden, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

/s/*Dale T. Golden*
Dale T. Golden, Esq.
Florida Bar No. 94080
Martin Golden Lyons Watts Morgan
410 South Ware Boulevard, Suite 806
Tampa, Florida 33619
(813)251-3632
dgolden@mgl.law